**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | |
| MAYOR FRANCIS SLAY, THOMAS IRWIN, BETTYE BATTLE-TURNER, RICHARD GRAY, THE ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS, **Serve at:** **1200 Clark Avenue** **St. Louis, MO  63103** | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| JASON STOCKLEY **Serve at:** **4014 Union** **St. Louis, MO  63115** | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

INTRODUCTION

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and

the Fourth Amendment to the United States Constitution, as made applicable to the States through

the Fourteenth Amendment, and the Eighth Amendment, against Officer Jason Stockley, a police

officer of the City of St. Louis, in his individual capacity, and against the St. Louis Metropolitan

1

Police Department through the Board of Police Commissioners of the City of St. Louis.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.  This action also asserts state law wrongful death claim against Jason Stockley, in St. Louis, Missouri.  The Court can and should exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367, as they are so related to the other claims in the action already under the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

3.  It is alleged that the individual police officer engaged in action which resulted in the unreasonable seizure of plaintiff, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff freedom from unreasonable seizure.  It is further alleged that this violation was committed as a result of the policies and customs of the St. Louis Metropolitan Police Department.

4.  With regard to the remaining claims, it is alleged that Jason Stockley intentionally caused the wrongful death of Plaintiff's father, Anthony L. Smith, by responding with inappropriate force. Plaintiff A.B.S. maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

<u>PARTIES</u>

5.  That at all times pertinent to this lawsuit, Plaintiff A.B.S. was the daughter of the decedent, Anthony L. Smith.  Plaintiff A.B.S. was one (1) year old at the time of Anthony L. Smith's death. The mother of Plaintiff, Christina Wilson, is the properly appointed Next Friend for A.B.S.

6.  Plaintiff A.B.S. is a resident of County of St. Louis, State of Missouri.

2

7.   Defendant Officer Jason Stockley was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Metropolitan Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

8.   The Board of Police Commissioners (hereinafter, "Board") is comprised of Mayor Francis Slay, Mr. Thomas Irwin, Ms. Bettye Battle-Turner, and Mr. Richard H. Gray; Pursuant to §84.010 R.S.Mo., they are the proper parties for actions against the Department.  The State of Missouri was the public employer of said office.

9.   Defendant Jason Stockley is a resident of the City of St. Louis, State of Missouri, in the United States District Court for the Eastern District of Missouri.

<u>FACTS</u>

10. On, or about, December 20, 2011, Police Officers Jason Stockley and Brian Bianchi began pursuit of a vehicle driven by Plaintiff's father, Anthony L. Smith (hereinafter, "Smith"), near Church's Chicken located at 5400 Partridge Avenue, City of St. Louis, State of Missouri.

11. At said time and place, immediately before the chase began, Defendant Stockley inappropriately and intentionally fired his weapon at Smith's vehicle.  During the ensuing chase, Smith's vehicle and the police vehicle collided, causing serious injury to Smith and disabling his vehicle near the intersection of West Florissant Avenue and Acme Avenue, in St. Louis County, State of Missouri.

12. Upon information and belief, immediately thereafter, Defendant Stockley, while armed with a deadly weapon, approached Smith's vehicle.

13. Smith was disabled, unarmed and posed no significant threat of death or serious physical injury to either Defendant Stockley or the public; Defendant Stockley did not investigate or inquire as to whether or not Smith had a gun; Defendant Stockley fired his weapon at Smith without justification, intentionally and wrongfully causing the death of Smith.

14. At no point did any of the events which preceded Smith being shot justify the actions taken by Defendant Stockley.

15. That at all times herein mentioned, Defendant Stockley was acting under the color of the statutes, ordinances, regulations, customs, and usages of defendant Board of Police Commissioners and the State of Missouri and under authority of his respective office as a police officer.

<u>COUNT I</u>

(42 U.S.C. §1983 v. Board of Police Commissioners)

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Defendant Board was responsible for the training of all police officers in the proper use of firearms in the performance of their duties as police officers.  Defendant Board trained Defendant Stockley in the use of firearms in accordance with the statutes, ordinances, regulations, customs, and usages of the State of Missouri.

18. The conduct of Defendant Board as described above deprived Smith of Smith's right to be secure in his person against unreasonable searches and seizures as guaranteed to Smith under the Fourth Amendment to the United States Constitution, of Smith's right not to be subjected to any cruel and unusual punishment as secured to Smith under the Eighth Amendment to the United States Constitution, and Smith's right not to be deprived of life, liberty, or property without due

process of law and to be accorded the equal protection of the law as guaranteed to Smith under the Fourteenth Amendment to the United States Constitution.

19. As a direct and proximate result of the unlawful conduct of Defendant Board, Anthony L. Smith was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Stockley caused or contributed to cause medical expenses, lost wages, and funeral expenses.   As a result of Anthony L. Smith's death, A.B.S. has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiff requests judgment for general, special, and punitive damages, in a sum that to this Court may deem just and reasonable in the premises, for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT II

(42 U.S.C. § 1983 v. Defendant Jason Stockley)

20. Paragraphs 1 – 19 are incorporated herein by reference as though fully set forth.

21. The conduct of Defendant Stockley as described above deprived Smith of Smith's right to be secure in his person against unreasonable searches and seizures as guaranteed to Smith under the Fourth Amendment to the United States Constitution, of Smith's right not to be subjected to any cruel and unusual punishment as secured to Smith under the Eighth Amendment to the United States Constitution, and Smith's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to Smith under the Fourteenth Amendment to the United States Constitution.

22. As a direct and proximate result of the unlawful conduct of Defendant Stockley, Anthony L. Smith was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Stockley caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Anthony L. Smith's death, A.B.S. has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiff requests judgment for general, special, and punitive damages, in a sum that to this Court may deem just and reasonable in the premises, for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT III

(R.S.Mo. §537.080(1) Wrongful Death/Assault & Battery v. Defendant Jason Stockley)

23. Paragraphs 1 – 22 are incorporated herein by reference as though fully set forth.

24. Plaintiff A.B.S. maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

25. Defendant Stockley intentionally furnished his firearm without justification causing a reasonable apprehension of harm to Smith.

26. Defendant Stockley fired his weapon at Smith without justification, intentionally and wrongfully causing the death of Smith.

27. As a direct and proximate result of the unlawful conduct of Defendant Stockley described above, Anthony L. Smith was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Stockley caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Anthony L. Smith's death, A.B.S. has been

deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

28. That Plaintiff A.B.S. is entitled to recover for all damages, including pain and suffering experienced by decedent, for which decedent would be entitled to claim had death not ensued.

WHEREFORE, the Plaintiff prays for judgment under Count IV against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future.  The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

<u>COUNT IV</u>

(Negligent Hiring v. Defendant Board of Police Commissioners)

29. Paragraphs 1 – 28 are incorporated herein by reference as though fully set forth.

30. At all time material hereto, Defendant Stockley was hired as an employee by Defendant Board.

31. At the time of the occurrence, Defendant Stockley was acting within the course and scope of his agency and/or employment by Defendant Board.

32. Defendant Board was negligent is its hiring of Defendant Stockley in the following respects:

   a. Defendant Board failed to properly and accurately perform psychological and mental health testing of Defendant Stockley prior to employment;

   b. Defendant Board failed to properly conduct a background check on Defendant Stockley to verify he was fit for the position as a police officer.

7

      c.   Defendant Board failed to conduct a proper physical evaluation to determine whether Defendant Stockley was fit for position as a police officer.

33. As a direct and proximate result of the negligent conduct of Defendant Board described above, Anthony L. Smith was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Stockley caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Anthony L. Smith's death, A.B.S. has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiff prays for judgment under Count IV against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future.  The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT V

(Negligent Supervision v. Defendant Board of Police Commissioners)

34. Paragraphs 1 – 33 are incorporated herein by reference as though fully set forth.

35. At all time material hereto, Defendant Stockley was an employee by Defendant Board.

36. At the time of the occurrence, Defendant Stockley was acting within the course and scope of his agency and/or employment by Defendant Board.

37. Defendant Board was negligent is its supervision of Defendant Stockley in the following respects:

8

    a.   Defendant Board failed to properly train Defendant Stockley in proper use of firearms;

    b.   Defendant Board failed to properly supervise and or limit Defendant Stockley's use and access to department issued firearms and weapons.

    c.   Defendant Board failed to restrict access to its firearms by Defendant Stockley.

    d.   Defendant Board improperly retained Defendant Stockley after becoming aware of his mental and/or psychological state.

38. As a direct and proximate result of the negligent conduct of Defendant Board described above, Anthony L. Smith was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Stockley caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Anthony L. Smith's death, A.B.S. has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiff prays for judgment under Count V against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future.  The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

KODNER WATKINS & KLOECKER, L.C.


By:   _____Albert S. Watkins  //s//____
  ALBERT S. WATKINS, MO34553
  MARK C. KODNER, MO32756
  DAVID J. GREGORY, MO63651
  Attorneys for Plaintiff
  7800 Forsyth Blvd., 7th Floor
  St. Louis, Missouri 63105-3758
  (314) 727-9111
  (314) 727-9110 Facsimile

10