UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.B.S., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-202 JCH |
| | ) | |
| MAYOR FRANCIS SLAY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## INTERVENOR PLAINTIFF ANNIE SMITH'S MOTION FOR PROTECTIVE ORDER

COMES NOW Intervenor Plaintiff Annie Smith ("Intervenor"), by and through her attorney, James W. Schottel, Jr., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for Motion for Protective Order and states to this Honorable Court as follows:

1. This Honorable Court has set this matter for hearing on Plaintiff's motion seeking court approval of the settlement and seeking a hearing on apportionment of the settlement for Tuesday, July 30, 2013 at 1:00 p.m.

2. Intervenor's undersigned counsel had surgery on Friday, July 12, 2013 and is unavailable for 2 weeks until July 26, 2013. (*See also Intervenor's Exhibit 1 attached to her Motion for Continuance of Hearing; Sealed Doc. #65*).

3. Additionally, on July 5, 2013, Intervenor's undersigned counsel served a Notice to Take Deposition of Christina Wilson and Request to Produce Documents at the Deposition for Friday, July 26, 2013 at 1:30 p.m. (the "Wilson Deposition").

4. On July 16, 2013, Counsel for Wilson filed a "Memorandum" which was actually a Motion to Quash the Wilson Deposition.

5. On July 17, 2013, this Honorable Court construed Wilson's Memorandum as a

Motion to Quash the Wilson Deposition and denied the Motion.

6. On October 18, 2013, Counsel for Plaintiff, Michael Schwade, contacted the undersigned by email, requesting to take Intervenor Plaintiff Annie Smith's deposition on July 26, 2013 at 9:00 a.m., whereas Mr. Schwade stated, "As you know, the Court denied our attempt to cancel your deposition of Christina Wilson, which is set for next Friday afternoon. Accordingly, it is my intention to depose Annie Smith on the morning of Friday, July 26, 2013 beginning at 9:00 a.m." (*See Exhibit 1 attached hereto*).

7. In accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure, the undersigned hereby certifies that he has in good faith conferred with Counsel for Plaintiff, Michael Schwade, in an effort to resolve the dispute without court action.

8. On October 18, 2013, the undersigned sent Counsel for Plaintiff an email explaining that, because of health reasons, the undersigned cannot physically attend Annie Smith's deposition at 9:00 a.m. on July 26, 2013. As noted in a previous filing, the undersigned is recovering from surgery and cannot be up sitting on an open pressure wound for an extended period of time, nor sitting up before July 26, 2013. The undersigned offered to produce Annie Smith for her deposition on Monday, July 29, 2013.

9. On October 19, 2013, Counsel for Plaintiff served a Notice to Take Deposition of Annie Smith and Request to Produce Documents at the Deposition for Friday, July 26, 2013 at 9:00 a.m. (the "Smith Deposition"). (*See Exhibit 2 attached hereto*).

10. The Smith Deposition includes 17 document requests listed in Exhibit 1 attached to the Notice. (*See Exhibit 2 attached hereto*).

11. In the email from Counsel for Plaintiff serving the Smith Deposition Notice, Counsel for Plaintiff instructed the undersigned that, "we are not willing to permit you depose our

client on Friday without an opportunity to depose your client next week also."

12.	Rule 26(c)(1) of the Federal Rules of Civil Procedure provides:

"*In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;

and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

13.	First, because of the undersigned's physical limitations, he is unable to schedule Annie Smith's deposition before July 26, 2013 and requests this Court to enter an Order to protect Intervenor Plaintiff from annoyance and oppression, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.

14.	Plaintiff was served with Wilson Deposition Notice on July 5, 2013 and delayed filing a "Motion to Quash" the Wilson deposition until July 16, 2013.

3

15. Plaintiff's "Motion to Quash" was denied and it is their own delay that has caused this issue now that they want to depose Intervenor Annie Smith.

16. It is clear from Plaintiff's counsel's emails that Plaintiff is unhappy with this Honorable Court's ruling denying Plaintiff's attempt to stop the Wilson Deposition and now seeks to depose Intervenor Annie Smith at the last minute solely to annoy and harass.

17. To support this position as stated in Paragraph 16, several of Plaintiff's 17 document requests are overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Particularly, Intervenor Plaintiff directs these objections to Nos. 12, 13, 14, 15 and 16.

18. Intervenor Plaintiff served the Wilson Deposition Notice 21 days in advance to allow ample time for Wilson to gather documents subject to the requests.

19. Plaintiff has given Intervenor Plaintiff only 7-days' notice and it is impossible to bring documents to the deposition subject to Plaintiff's document requests.

20. Despite Plaintiff's ill will, the undersigned still offered to produce Annie Smith for her deposition on July 29, 2013.

21. Plaintiff could have set the Smith Deposition on July 29, 2013 and moved this Honorable Court to continue the July 30, 2013 hearing, but Plaintiff chose to disregard the undersigned's health condition and notice the Smith Deposition for July 26, 2013 at 9:00 a.m.

22. In Plaintiff's "Motion to Quash", counsel stated:

> "Smith has been aware of the issue of apportioning any settlement or judgment entered in connection with this matter since prior to becoming involved in this litigation. However, Smith conducted no discovery prior the settlement of this case. Now, Smith suddenly wants to do what she should have done months ago... Plaintiff respectfully suggests that ship has long since sailed." (*See Doc. #68, ¶ 17*).

23. Despite representing to this Court three days ago that the, "[Discovery] ship has long since sailed," Plaintiff has flip-flopped and now sends a notice to take Intervenor Plaintiff's deposition.

24. Intervenor Plaintiff has attempted to resolve all issues in good faith with Plaintiff, however, the tone from Plaintiff has been the same as the derogatory statements made of Intervenor Plaintiff and her undersigned counsel in Plaintiff's "Motion to Quash."

WHEREFORE, for the foregoing reasons, Intervenor Plaintiff Annie Smith respectfully requests this Honorable Court to grant her Motion for Protective Order and for such other and further relief this Honorable Court deems just and proper under the circumstances.

          Respectfully submitted,

          SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
      James W. Schottel, Jr.   #51285MO
      906 Olive St., PH
      St. Louis, MO 63101
      (314) 421-0350
      (314) 421-4060 facsimile
      jwsj@schotteljustice.com

      Attorney for Intervenor Plaintiff
      Annie Smith

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>July 19, 2013</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

      Albert S. Watkins
AlbertSWatkins@kwklaw.net

Michael D. Schwade
MSchwade@kwklaw.net

R. Jackson Horan, Jr.
jhoran@kwklaw.net

Attorneys for Plaintiff
A.B.S.


Dana W. Tucker
dana.tucker@ago.mo.gov

Robert J. Isaacson
robert.isaacson@ago.mo.gov

Attorneys for Defendants
Board of Police Commissioners
Jason Stockley


s/*James W. Schottel, Jr.*