UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.B.S, as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, <br><br> vs. <br><br> BOARD OF POLICE COMMISSIONERS, et al., <br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) )  Cause No.    4:12-cv-00202-JCH |

**JASON STOCKLEY'S REPSONSE TO PLAINTIFF ANTHONY SMITH'S MOTION TO RE-OPEN DISCOVERY, ETC.**

COMES NOW Jason Stockley, by and through his undersigned counsel, and for his response to Plaintiff's Motion to Re-open Discovery, Motion to Show Cause and Motion for Sanctions, states to the Court as follows:

**Background**

1. At the time the litigation was filed, Jason Stockley was a commissioned police officer in the St. Louis Metropolitan Police Department.

2. At the time that this lawsuit was initiated and during the pendency of the lawsuit, the St. Louis Metropolitan Police Department was under the control of the Board of Police Commissioners.

3. At the time of the initiation of this lawsuit and during the pendency of the lawsuit, it was the legal obligation of the Board of the Police Commissioners to provide representation and indemnification for police officers in a civil matter arising from actions taken in the line of duty. The duty to represent and indemnify was covered by the State Legal Expense Fund (Sections 105.711-105.721 RSMo.)

4. Pursuant to State Statute, representation in this matter was provided by the Attorney General's Office, and specifically by Dana Tucker Redwing, an Assistant Attorney

General who was assigned to represent Jason Stockley in this matter.

5. Jason Stockley has requested representation in these matters from the Attorney General's Office of the State of Missouri and from the City of St. Louis, and such requests have been denied.

6. During the pendency of this lawsuit, Jason Stockley was the subject of a criminal investigation by the Federal Bureau of Investigations, the U.S. Attorney's Office for the Eastern District of Missouri, and the Department of Justice. Jason Stockley, personally, was not in possession of, nor had he been provided a copy for review, any laboratory reports prepared in this matter. Jason Stockley was not familiar with, nor was he made aware of, any laboratory reports until the time of his indictment in May of 2016. As part of discovery in his criminal case, Jason Stockley was provided copies of all police reports, including any and all laboratory reports such as DNA analysis.

7. Jason Stockley was represented by Dana Tucker Redwing during the entire pendency of the civil suit. Jason Stockley was never made aware of the fact that there had been a change of counsel. In addition, Jason Stockley was never contacted by Robert Issacson and informed that he would be entering in the matter.

8. Jason Stockley is constrained by the attorney-client privilege to discuss further the terms and conditions of his representation. However, Jason Stockely can say that he did not participate in any decisions regarding the discovery process or the disclosure of records. According to the Goldsmith Report, Jason Stockley was not present before the Board of Police Commissioners at the time settlement was discussed. In addition, Jason Stockley was not consulted regarding any settlement agreements, including mediation in this matter. Jason Stockley was not present at the mediation, nor was he given an opportunity to be present at the mediation.

**Relief Sought**

9. This Court should decline to impose Rule 37 or Rule 26g Sanctions against Jason Stockley because the Court will be unable to find that Jason Stockley willfully or knowingly violated the Court's March 1, 2013 Discovery Order.

10. This Court should decline to impose Rule 37 or Rule 26g Sanctions against Jason Stockley because Jason Stockley was never in possession of the DNA lab reports which are the subject of this motion, nor was he aware of the existence in 2013.

11. Any sanction against Jason Stockley would be unjust and serve no remedial purpose since he was not personally made aware of the subject of this complaint, nor did he participate in the decision making process.

12. The Court should deny Plaintiff's request for an order requiring the release of the unredacted Goldsmith Report because of the attorney-client privilege and confidentiality.

**Conclusion**

13. The Plaintiff claims that Jason Stockley committed "intentional abuse of the federal discovery process" and that "these actions are systemic and part of an ongoing scheme". Jason Stockley was unaware of the requested information and did not participate personally in the discovery process or in any decision making related to the discovery process. The Plaintiff fails to allege any facts to support a finding of willful misconduct on the part of Jason Stockley. The Goldsmith Report makes it clear that Jason Stockley was not present when these matters were discussed with the Board of Police Commissioners.

WHEREFORE, given the allegations set forth by Plaintiff, Defendant Jason Stockley requests that this matter be dismissed and that the Plaintiff's Motions be denied insofar as they apply to Jason Stockley personally.

BRUNTRAGER & BILLINGS, P.C.


 /s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Defendant
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
646-0066 Fax 646-0065
Email: njbatty@aol.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2018, the foregoing **Response to Motion to Re-Open Discovery** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

  /s/ Neil J. Bruntrager_____