IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, )<br><br>Plaintiff, )<br><br>BOARD OF POLICE COMMISSIONERS, et al., )<br><br>Defendants. ) | Case No.: 4:12-cv-00202-JCH |

## PROTECTIVE ORDER FOR PRODUCTION OF DOCUMENTS OR THINGS IN RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

WHEREAS, Plaintiff A.B.S. ("Plaintiff"), in the above-captioned action, has served upon Movant Dana Redwing (Tucker) ("Movant") her First Requests for Production of Documents; and

WHEREAS, Movant has responded that Request No. 27 calls for documents Movant will produce upon the entry of a protective order in this matter; and

Therefore, it is hereby ORDERED that:

This Order shall apply to documents responsive to RFP 27. Movant shall identify all such documents by identifying them as "Confidential Document" in the manner set forth in paragraph (6) below.

(1) No party to this litigation shall use or disclose any documents designated "Confidential Document" for any purpose other than pursuant to this litigation, and no party shall disseminate or make public any such document;

(2) Production of any document without a designation of "Confidential Document"

1

shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such document. The initial failure to designate a document in accordance with this Order shall not preclude any party or third party, at a later date, from designating such materials "Confidential Document." A party or third party may, by written notice to counsel of record for the recipient party or parties, designate a previously produced Item as "Confidential Document" that was not previously designated as a "Confidential Document." Upon receipt of such written notice, the recipient party or parties shall:

    a.    promptly mark its copies of the document accordingly,

    b.    thereafter, treat the document as if it had been so designated,

    c.    restrict the disclosure or use of such document as provided herein. If such document has previously been disclosed or used inconsistent with this order, the recipient party or parties shall take reasonable steps to obtain all such previously disclosed "Confidential Document" documents and advise such persons of the designation of confidentiality.

(3) Nothing contained in this Order shall preclude Plaintiff from contesting the designation of any document as Confidential Documents.

(4) To the extent the parties who receive documents designated "Confidential Document" are required by subpoenas or by law or order in other legal or administrative proceedings to provide copies of said documents, the parties must provide notice within 10 business days to Movant to permit a reasonable opportunity to object to the disclosure of those documents;

(5) Designation of "Confidential Document" documents and deposition testimony shall be made in the following ways:

    a.    <u>Documents</u>: Movant may designate a document as a "Confidential Document" by producing the document marked "Confidential Document."

    b.    <u>Electronic or Magnetic Media</u>: Where information or documents are produced in an electronic or magnetic medium (such as CDs, floppy diskettes or tapes), the medium container shall be marked as set forth above, and an index shall be provided indicating which of the documents therein are "Confidential Document."

    c.    <u>Physical Exhibits</u>: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above.

    d.    <u>Depositions</u>: At any time during or after the taking of a deposition, a Producing Party may designate the deposition testimony, or certain portions of same, including exhibits, as "Confidential Document." Designation of deposition testimony, including exhibits, as such shall be made by making a statement to such effect on the record in the course of the deposition or by notifying all Parties in writing within fourteen (14) days after receipt of the transcript. All Parties in possession of the transcript thereafter shall place a legend reading "Confidential Document." at the top of each page so designated and each photocopy thereof. All deposition transcripts shall be treated as "Confidential Document" for a period of fourteen (14) days after receipt of such transcript to allow time for Movant to make their designations.

(6)    The terms of this Order with respect to any Confidential Documents produced by Movant or deposition testimony labeled Confidential Document as discussed above shall be binding upon all parties to the above-captioned action, and any other persons who have agreed to be bound by the Protective Order;

(7)    In the event that a party wishes to file a document or deposition transcript ("Item") with the Court that is designated as a Confidential Document, such Item or Items shall be filed under seal using the Court's electronic filing system. This Order grants leave to file said Items designated "Confidential Document(s)" under seal and no further order of the Court is needed.

(8) Any paragraph, provision or procedure set forth in this Protective Order may be amended or modified by the Court upon written consent of all parties in this matter, or upon motion by any party upon notice to the all other parties.

Dated: June 6, 2018

IT IS SO ORDERED:

_____
Honorable Jean C. Hamilton