# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF POLICE COMMISIONERS, ET AL. <br><br> Defendants. | Case No.: 4:12-cv-00202-JCH |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL RESPONDENTS

COME NOW Plaintiff A.B.S. ("Plaintiff"), by and through her undersigned counsel and propounds, jointly and severally, upon St. Louis Board of Police Commissioners, Missouri Attorney General's Office, Dana Redwing and Jason Stockley (collectively referred to as "Respondents") the following Requests for Production to be answered within the time and manner prescribed by the rules:

## DEFINITIONS

1. "Document" or "documents" means and shall include every writing and records of every type and description including, but not limited to, writings, emails, text messages, contracts, agreements, invoices, confirmations, receipts, letters, requests, instructions, orders, written findings or conclusions, records, written communications of any kind, correspondence, memoranda, written notes, phone logs, phone bills and other instruments reflecting conversations, notes and records reflecting or pertaining to oral communications

1

of any kind, telegrams, facsimiles, typed, or printed messages, invoices, checks, other financial instruments, printouts, tapes, discs, minutes of meetings, studies, books, pamphlets, pictures, drawings, and recordings of every type, and any device or medium by means of which information of any type is transmitted, recorded or preserved, tape recordings and computer disks. Where the original of the document is not in your possession, custody or control, the term "document" also means a true and genuine copy thereof.

2. "Person" or "persons" shall include, without limitations as to the severalty of its meaning, any natural person, firm, partnership, joint venture, corporation or any other entity.

3. "Relate to", "relating to" or "relates to" means referring, reflecting, describing, depicting, regarding, pertaining in any manner or being in any way whatsoever in whole or in part, directly or indirectly, implicitly or explicitly connected to or with the matter discussed.

4. "Plaintiff" refers to A.B.S. by and through her next friend, Christina Wilson and/or any attorney(s) or other person(s) acting on her behalf.

5. "Respondents", unless otherwise specified, refers to the St. Louis Board of Police Commissioners, the Missouri Attorney General's Office, Dana Redwing (f/k/a Dana Walker Tucker), Jason Stockley and/or any attorney(s), officer(s), director(s), agent(s), representative(s) or person(s) purporting to act on behalf of same.

6. The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request for production of documents all responses which might otherwise be construed to be outside the scope.

8. The term "DNA Reports" shall refer, collectively or singularly, to (1) the Laboratory Report dated February 14, 2012 reporting SLMPD Laboratory Technician Dr. Karen Preiter's analysis of DNA swabs taken from a Taurus revolver and (2) the Laboratory Report dated July 31, 2012 reporting SLMPD Laboratory Technician Dr. Karen Preiter's analysis of DNA swabs taken from a Taurus revolver.

9. The term "DNA Information" shall refer to the results of DNA testing performed on samples taken from the Taurus revolver and/or other information contained in the DNA Reports.

10. The term "Goldsmith Report" shall refer to the December 5, 2017 document titled "Report to the Missouri Attorney General" prepared by Hal Goldsmith, Esq. of Bryan Cave, LLP.

11. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible intendment.

12. If the document that you are required to produce has been lost or destroyed or is for some other reason no longer in existence, then state when it was lost or destroyed, why, who its last custodian, who lost or destroyed it, and produce all documents related to or addressing the loss or destruction originally requested.

13. Any portion of any document that is withheld subject to an assertion of privilege, or for any other reason, must be preserved and identified by stating the following:

   a) The nature and basis of the privilege or other reason for withholding the document;
   b) The type of document (e.g. note, letter, report, film, etc.);
   c) The title;
   d) Subject matter;
   e) Date;
   f) Author or originator;
   g) Recipient;
   h) Number of pages;
   i) Person presently in possession; and
   j) Present location.

If only a portion of a document is privileged, then produce the unprivileged portions and follow the above-described procedure of the privileged portions.

14. All documents produced pursuant to this request must be labeled to correspond to the categories in the request to which they are responsive.

**CRIMINAL DEFENSE EXCLUSION**

Specifically excluded from the following requests are any communications between Jason Stockley and his criminal defense attorneys relating to Mr. Stockley's criminal defense.

4

## DOCUMENTS REQUESTED

1. Any and all documents, including e-mails and text messages, reflecting, memorializing or relating to communications between Plaintiff and Respondents on or before June 20, 2013 concerning DNA Reports and/or DNA Information.

2. Any and all documents, including e-mails and text messages, in the possession of Respondents which discuss, relate to, or reference in any way DNA Reports or DNA Information prior to December 18, 2017. This request includes internal communications between attorneys and/or employees of Respondents.

3. Any and all documents given by Respondents to Hal Goldsmith or his agent(s).

5. Any and all communications, including emails, between Respondents and Hal Goldsmith or his agent(s).

6. Copies of the DNA Reports.

7. All Meeting Minutes of the Board of Police Commissioners referencing or relating to settlement authority of the litigation.

8. All Meeting Minutes of the Board of Police Commissioners referencing or relating to DNA Reports and/or DNA Information.

9. The complete and unredacted Goldsmith Report.

10. Any Order or other document from the Attorney General's Office appointing Hal Goldsmith to investigate Plaintiff's allegations relating to the DNA Reports or DNA Information.

11. All requests for waiver of attorney-client privilege issued by the Attorney General's Office and/or Hal Goldsmith and any response(s) thereto.

12. Any conflict of interest waivers between the Attorney General's Office, the Board of Police Commissioners and/or Jason Stockley.

13. All documents evidencing, explaining, relating to or concerning the conflict of interest referenced by Dana Redwing in her 4:36 pm email on June 12, 2013, a copy of which is attached hereto as Exhibit 1. This Request specifically includes any communications with Jason Stockley.

14. All documents and communications, including emails, from Redwing and/or the Attorney General's Office to Stockley and/or the Board of Police Commissioners relating to document preservation and/or production in advance of discovery in the litigation.

15. All documents, including emails, reflecting, evidencing, relating to or concerning Redwing's possession of DNA Information on or before June 20, 2013.

16. All documents, including emails, reflecting, evidencing, relating to or concerning Redwing's possession of DNA Reports on or before June 20, 2013.

17. All "email communications of AGO personnel" reviewed by Hal Goldsmith, as referenced in section 1, page 3 of the Goldsmith Report.

18. All documents, including photographs, evidencing, relating to or concerning the second set of samples taken from the Taurus revolver in June 2012.

19. All communications, including emails, with any media outlet concerning Plaintiff's allegations regarding DNA evidence, specifically including communications with the St. Louis Post-Dispatch and Riverfront Times.

20. All internal communications, including emails, within the Attorney General's Office concerning the allegations made in Plaintiff's June 22, 2016 letter to the Attorney General's Office.

21. All internal communications, including emails, within the Attorney General's Office relating to the drafting of the June 28, 2016 letter from Joel Poole, Esq. to Albert Watkins, a copy of which was attached as Exhibit 4 to the Motion to Re-Open Discovery.

22. Any internal reports in Respondents' possession relating to the Plaintiff's allegations concerning the DNA Reports and/or DNA Information.

23. Documents sufficient to identify the complete chain of custody of the DNA samples taken from the Taurus revolver from the time the samples were collected through the time they were tested by SLMPD personnel.

24. Documents sufficient to identify the complete chain of custody of the DNA Reports from the time they were generated through June 20, 2013.

25. Documents evidencing delivery of the DNA Reports or DNA Information to Respondents prior to June 20, 2013.

26. All requests from Redwing and/or others within the Attorney General's Office to the Board of Police Commissioners and/or SLMPD for the DNA Reports prior to June 20, 2013.

27. All documents relating to the termination of Redwing's employment with the Attorney General's Office.

28. All documents in the possession of Dana Redwing or the Attorney General's Office relating to allegations of professional misconduct by Dana Redwing.

7


29. Copies of any bar complaint made or received, including any response(s) to same, arising out of or relating to this litigation, relating to the DNA Information and/or relating to the DNA Reports.

30. All documents sufficient to identify the "many agents of the Board" referenced on page 11 of the Goldsmith Report who were aware of the DNA Information prior to June 20, 2013.

31. All communications, including emails, between Redwing and/or the Attorney General's Office, on the one hand, and Jason Stockley, on the other hand, related to the responses of Mr. Stockley to Plaintiff's written discovery requests.

32. Any verification pages signed by Jason Stockley verifying his responses to Plaintiff's Interrogatories propounded upon Mr. Stockley.

KODNER WATKINS, LC

By: /s/ Michael D. Schwade
ALBERT S. WATKINS, LC #34553MO
MICHAEL D. SCHWADE, #60862MO
7800 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
albertswatkins@kwklaw.net
mschwade@kwklaw.net

**CERTIFICATE OF SERVICE**

Signature above is also certification that on April 13, 2018 a true and correct copy of the foregoing was e-mailed to all counsel of record in PDF and Microsoft Word format. The above was not filed with the Court in accordance with local rules.

# EXHIBIT 1

## Michael Schwade

| | |
|---|---|
| **From:** | Jack Horan |
| **Sent:** | Wednesday, June 12, 2013 4:43 PM |
| **To:** | Michael Schwade; Megan Nickolai |
| **Subject:** | FW: Conflict of interest |
| **Importance:** | High |

Just forwarded to Al also.

---

**From:** Tucker, Dana [mailto:dana.tucker@ago.mo.gov]
**Sent:** Wednesday, June 12, 2013 4:36 PM
**To:** Jack Horan
**Subject:** Conflict of interest
**Importance:** High

Jack:

I attempted to call you, but you were on another call. In an attempt to provide as much notice as possible, I need to advise you that in preparing for depositions of this case I have developed a direct conflict as it relates to Jason Stockley. As result, I am withdrawing from his representation. Another attorney will enter on his behalf. Due to the conflict and the necessity for new counsel to familiarize himself with the matter, I will have to cancel the currently set depositions. We do not need to cancel the mediation. The depositions can be rescheduled at the earliest convenient time for you and Stockley's new counsel.

I am in the office and available to discuss.

*Dana Walther Tucker, Esq.*
Chief Counsel/Eastern Region
State of Missouri
Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Direct Dial (314) 340-7652
Fax (314) 340-7891
Dana.tucker@ago.mo.gov

---

This email message, including the attachments, is from the Missouri Attorney General's Office. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including that covered by § 32.057, RSMo. Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.

1