# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF POLICE COMMISIONERS, ET AL.<br><br>Intervenors. | Case No.: 4:12-cv-00202-JCH |

## INTERVENOR ATTORNEY GENERAL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

The Attorney General of Missouri ("Intervenor"), by and through his undersigned counsel, hereby respond and object to Plaintiff's First Requests for Production of Documents to All Respondents as follows:

### RESERVATION OF RIGHTS

1. Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Production of such protected information is not intended to be, and shall not operate as, a waiver of any applicable privilege.

2. The production of any documents or information by Intervenor is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents containing confidential information.

1

## **GENERAL OBJECTION**

1.  Intervenor objects to the re-production of responsive documents already produced to Plaintiff during the course of this litigation. Such documents are equally available to Plaintiff and reproducing them is needlessly burdensome and disproportional to the needs of Plaintiff's remaining claims. If responsive documents have already been produced, Intervenor will not re-produce them.

2.  Intervenor objects to the production of documents created or communications sent on or after September 18, 2017, the date of Plaintiff's counsel's demand letter to Intervenor alleging discovery violations for prior conduct of Intervenor's predecessor. Collecting, reviewing, redacting, and producing all responsive documents created or communications sent on or after this date is unduly burdensome and not proportional to the needs of the narrow issues remaining in this case considering, among other things, that the conduct of which Plaintiff complains occurred long before Plaintiff's counsel sent the September 18, 2017 demand letter. Most documents created or communications sent on or after September 18, 2017 are also subject to the attorney-client privilege and work product protections because they involve matters of case strategy related to the very allegations levelled in the letter from Plaintiff's counsel. Finally, requesting the production of such documents, which are outside the timeframe relevant to Plaintiff's remaining allegations, improperly intrudes upon the internal workings of the Attorney General's Office without justification.

3.  Intervenor objects to producing a privilege log of privileged documents created or communications sent on or after September 18, 2017 for reasons already described. Collecting, identifying, reviewing, and logging these documents, which are

2

subject to the highest form of privilege and work product protections, is unduly burdensome and not proportional to the needs of the remaining issues in this case.

## RESPONSES AND SPECIFIC OBJECTIONS

1. Any and all documents, including e-mails and text messages, reflecting, memorializing or relating to communications between Plaintiff and Respondents on or before June 20, 2013 concerning DNA Reports and/or DNA Information.

**RESPOSNE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections will be included on Intervenor's privilege log, filed concurrently with these responses and objections. Responsive documents that are not privileged will be produced.

2. Any and all documents, including e-mails and text messages, in the possession of Respondents which discuss, relate to, or reference in any way DNA Reports or DNA Information prior to December 18, 2017. This request includes internal communications between attorneys and/or employees of Respondents.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

3

3.  Any and all documents given by Respondents to Hal Goldsmith or his agent(s).

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged will be produced.

5.  Any and all communications, including emails, between Respondents and Hal Goldsmith or his agent(s).

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor will neither produce nor include these documents on his privilege log.

6.  Copies of the DNA Reports.

**RESPONSE:** Upon information and belief, Intervenor is not in possession, custody, or control of the DNA Reports.

7.  All Meeting Minutes of the Board of Police Commissioners referencing or relating to settlement authority of the litigation.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections will be included on

4

Intervenor's privilege log. Upon information and belief, there are no responsive documents that are not privileged.

8. All Meeting Minutes of the Board of Police Commissioners referencing or relating to DNA Reports and/or DNA Information.

**RESPONSE:** Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections will be included on Intervenor's privilege log. Upon information and belief, there are no responsive documents that are not privileged.

9. The complete and unredacted Goldsmith Report.

**RESPONSE:** Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks a document subject to the attorney-client privilege and work product protections. This document will not be produced, but will be included on Intervenor's privilege log.

10. Any Order or other document from the Attorney General's Office appointing Hal Goldsmith to investigate Plaintiff's allegations relating to the DNA Reports or DNA Information.

**RESPONSE:** Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor will neither produce nor include these documents on his privilege log.

11. All requests for waiver of attorney-client privilege issued by the Attorney General's Office and/or Hal Goldsmith and any response(s) thereto.

5

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor will neither produce nor include these documents on his privilege log.

12. Any conflict of interest waivers between the Attorney General's Office, the Board of Police Commissioners and/or Jason Stockley.

**RESPONSE:** Upon information and belief, there are no responsive documents.

13. All documents evidencing, explaining, relating to or concerning the conflict of interest referenced by Dana Redwing in her 4:36 pm email on June 12, 2013, a copy of which is attached hereto as Exhibit 1. This Request specifically includes any communications with Jason Stockley.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

14. All documents and communications, including emails, from Redwing and/or the Attorney General's Office to Stockley and/or the Board of Police Commissioners relating to document preservation and/or production in advance of discovery in the litigation.

**RESPONSE:** Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks

6

documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections will be included on Intervenor's privilege log. Responsive documents that are not privileged will be produced.

15. All documents, including emails, reflecting, evidencing, relating to or concerning Redwing's possession of DNA Information on or before June 20, 2013.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

16. All documents, including emails, reflecting, evidencing, relating to or concerning Redwing's possession of DNA Reports on or before June 20, 2013.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

17. All "email communications of AGO personnel" reviewed by Hal Goldsmith, as referenced in section 1, page 3 of the Goldsmith Report.

**RESPONSE**: Intervenor objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections will be included on Intervenor's privilege log. Responsive documents that are not privileged will be produced.

18. All documents, including photographs, evidencing, relating to or concerning the second set of samples taken from the Taurus revolver in June 2012.

**RESPONSE**: Upon information and belief, Intervenor is not in possession, custody, or control of documents of the type referenced.

19. All communications, including emails, with any media outlet concerning Plaintiff's allegations regarding DNA evidence, specifically including communications with the St. Louis Post-Dispatch and Riverfront Times.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Responsive documents that are not subject to the General Objections will be produced.

20. All internal communications, including emails, within the Attorney General's Office concerning the allegations made in Plaintiff's June 22, 2016 letter to the Attorney General's Office.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections.

8

Responsive documents subject to these privileges and protections, but not subject to the General Objections, will be included on Intervenor's privilege log.

21. All internal communications, including emails, within the Attorney General's Office relating to the drafting of the June 28, 2016 letter from Joel Poole, Esq. to Albert Watkins, a copy of which was attached as Exhibit 4 to the Motion to Re-Open Discovery.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections, but not subject to the General Objections, will be included on Intervenor's privilege log.

22. Any internal reports in Respondents' possession relating to the Plaintiff's allegations concerning the DNA Reports and/or DNA Information.

**RESPONSE**: Intervenor objects to this request because the phrase "internal reports" is vague and ambiguous. Upon information and belief, the only responsive "internal report" is the Goldsmith Report. The Goldsmith Report has been produced with redactions, and the unredacted version will be included on Intervenor's privilege log.

23. Documents sufficient to identify the complete chain of custody of the DNA samples taken from the Taurus revolver from the time the samples were collected through the time they were tested by SLMPD personnel.

**RESPONSE:** Upon information and belief, Intervenor is not in possession, custody, or control of any documents of the type referenced.

9

24. Documents sufficient to identify the complete chain of custody of the DNA Reports from the time they were generated through June 20, 2013.

**RESPONSE**: Upon information and belief, Intervenor is not in possession, custody, or control of any documents of the type referenced.

25. Documents evidencing delivery of the DNA Reports or DNA Information to Respondents prior to June 20, 2013.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

26. All requests from Redwing and/or others within the Attorney General's Office to the Board of Police Commissioners and/or SLMPD for the DNA Reports prior to June 20, 2013.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log.

27. All documents relating to the termination of Redwing's employment with the Attorney General's Office.

10

**RESPONSE**: Upon information and belief, Redwing was not terminated from the Attorney General's Office. She voluntarily resigned. Thus, there are no responsive documents.

28.     All documents in the possession of Dana Redwing or the Attorney General's Office relating to allegations of professional misconduct by Dana Redwing.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log.

29.     Copies of any bar complaint made or received, including any response(s) to same, arising out of or relating to this litigation, relating to the DNA Information and/or relating to the DNA Reports.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Upon information and belief, there are no responsive documents.

30.     All documents sufficient to identify the "many agents of the Board" referenced on page 11 of the Goldsmith Report who were aware of the DNA Information prior to June 20, 2013.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

31. All communications, including emails, between Redwing and/or the Attorney General's Office, on the one hand, and Jason Stockley, on the other hand, related to the responses of Mr. Stockley to Plaintiff's written discovery requests.

**RESPONSE**: Intervenor incorporates by reference his General Objections as if fully set forth herein. Intervenor also specifically objects to this request because it seeks documents subject to the attorney-client privilege and work product protections. Responsive documents subject to these privileges and protections (and not already covered by the General Objections) will be included on Intervenor's privilege log. Responsive documents that are not privileged and not subject to the General Objections will be produced.

32. Any verification pages signed by Jason Stockley verifying his responses to Plaintiff's Interrogatories propounded upon Mr. Stockley.

**RESPONSE**: Intervenor objects to this request on the grounds that the documents requested, to the extent they exist, are equally available to Plaintiff.

12

JOSHUA D. HAWLEY,

Attorney General

/s/ *D. John Sauer*
D. John Sauer, MO 58721
  First Assistant and Solicitor
Joshua M. Divine, MO 69875
  Deputy Solicitor
Post Office Box 861
St. Louis, MO 63188
Tel: (314) 340-7861
Fax: (314) 340-7029
Email: John.Sauer@ago.mo.gov

*Attorneys for the Missouri Attorney General's Office*

## CERTIFICATE OF SERVICE

Signature above is also certification that on May 9, 2018 a true and correct copy of the foregoing was e-mailed to all counsel of record in PDF and Microsoft Word format. The above was not filed with the Court in accordance with local rules.