# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH,  )<br><br>Plaintiff,  )<br>)<br>v.  )<br>)<br>FRANCIS SLAY *et al.*,  )<br>)<br>Defendants.  ) | Case No. 4:12-cv-00202-JCH |

## MEMORANDUM IN RESPONSE TO A.B.S.'S MOTION FOR RELIEF FROM PROTECTIVE ORDER

COME NOW Defendants Bettye Battle Turner, Richard Gray, Thomas Irwin, and Francis Slay (collectively referred to herein as "Police Board"), and in response to Plaintiff A.B.S.'s Motion for Relief from Protective Order, state as follows:

### INTRODUCTION

On August 28, 2018 Plaintiff A.B.S. ("Plaintiff") filed her Motion for Relief from Protective Order seeking the permission of the Court to grant it partial relief from an attorney's eyes only protective order entered in this matter. After consideration, the Board does not object to the relief sought by Plaintiff's motion.

However, the Police Board nevertheless submits this response in order to correct and clarify a misrepresentation by Plaintiff's counsel that federal law enforcement authorities are "desirous" of learning and discussing information Plaintiff's counsel has obtained a result of the their inspection of the St. Louis Metropolitan Police Department's Internal Affairs Division file pertaining to the December 20, 2011 shooting of Anthony Lamar Smith. Doc. 161, ¶ 9. In her

1

Motion Plaintiff asserts that because of her attorney Albert Watkin's "ongoing contact" with a special agent affiliated with the FBI she is aware of the FBI's interest in this information. *Id*.

Plaintiff's counsel's representations are, apparently, based upon a single phone call Watkins placed to a retired FBI Special Agent who at "no time" informed Plaintiff's counsel that the FBI was requesting him to obtain reports on behalf of the FBI. To the extent that Plaintiff's Motion suggests that the FBI is currently and actively investigating the Police Department's handling or investigation of the Smith shooting, the Police Board wishes to set the record straight.

The Police Board therefore submits the following in order to provide the Court a clearer picture of the circumstances surrounding Plaintiff's request.

## FACTUAL BACKGROUND

On August 9, 2018, counsel for Plaintiff was permitted to inspect the City of St. Louis Police Department Internal Affairs File (IAD) 11/039, which pertains to the December 20, 2011 shooting of Anthony Lamar Smith.  IAD File 11/039 consists of documents and audio/visual recordings generated or assembly by the Internal Affairs Division from 2011 through approximately 2017.  IAD File 11/039 also includes records created by or provided to the City by the FBI.

Prior to conducting the inspection of the IAD File, Plaintiff agreed to the entry of an Attorney's Eyes Only Agreed Protective Order.  Docs. 154 and 154-1.  That Protective Order provides that the records contained within the IAD file will not be disclosed to any person except as provided within the terms of the Protective Order. Doc. 154-1. The Court entered the protective order on August 8, 2018. Doc. 155.

In the instant motion Plaintiff requests this Court release her counsel from the Attorney's Eyes Only Protective Order in order to discuss "findings arising out of the review of the IAD file" with "a Special Agent affiliated with the Federal Bureau of Investigation," "such other federal legal personnel as may be interested," and counsel associated with the Office of the Circuit Attorney for the City of St. Louis. Doc. 161, ¶ 11-12.

Although Plaintiff does not identify with specificity the matters her counsel intends to discuss with the FBI and Circuit Attorney's Office, the Board has determined, after consideration, it will not object to counsel's request to discuss findings arising out of their review of the IAD file with current employees or agents of the FBI or the Circuit Attorney's Office.  It is anticipated that the information contained within the IAD materials recently reviewed by counsel will not be news to these two law enforcement agencies.

Yet it is necessary to clarify certain representations made by Plaintiff's counsel. In particular, the Board wishes to clarify Plaintiff's insinuation that the FBI is currently and actively interested in obtaining information gleaned from Plaintiff's counsel's inspection of the IAD file. In her Motion, Plaintiff states, "[d]ue to the undersigned's ongoing contact with a Special Agent affiliated with the Federal Bureau of Investigation, it is understood that federal law enforcement authorities are desirous of accessing and discussing information Plaintiff's counsel may possess as a result of the inspection of the IAD file." Doc. 161, ¶ 9.

It has come to the Board's attention that the former FBI special agent with whom Mr. Watkins spoke did not make such a representation on behalf of the FBI. See Exhibit A, Affidavit of Kevin Cosentino. In fact, based on the information currently available to the Board, there is no indication that any aspect of the Anthony Lamar Smith shooting or the Stockley IAD investigation is currently the subject of an FBI investigation, and the Board currently has no

3

information indicating that the FBI initiated contact with Plaintiff's counsel concerning such matters.

To the contrary, it appears Plaintiff's Motion references a telephone call Albert Watkins placed to a former FBI special agent in mid-August 2018. Kevin Cosentino, who is now a Senior Forfeiture Investigator at the St. Louis Division Headquarters of the FBI, was contacted by Mr. Watkins. Ex. A, ¶¶ 1-2. Watkins told Mr. Cosentino that he was attempting to obtain "an unredacted version of a report" which he believes identifies and documents the intentional withholding of evidence by various individuals. *Id*. at ¶ 3. Presumably Mr. Watkins was referencing the unredacted Goldsmith Report commissioned by the Missouri Attorney General, which is currently the subject of a motion to compel filed by Plaintiff. See Doc. 160. Although the Attorney General has not provided the Board with a copy of the final, unredacted Goldsmith Report, the Police Board has asserted that the unredacted Goldsmith report is protected by work product and attorney-client privilege.

In response to Mr. Watkins inquiry, Mr. Cosentino merely advised Mr. Watkins that the FBI would be willing to accept any information Watkins wanted to provide, and that he would be willing to accept and forward the material to the appropriate FBI supervisor for review. *Id*. at ¶ 4. However, "At no time did [Mr. Cosentino] tell Watkins that the FBI was requesting him to obtain any reports on behalf of the FBI." *Id*. at ¶ 5.

Thus, Plaintiff's claim that the FBI is "desirous of accessing and discussing information Plaintiff's counsel may possess" is, at best, a mischaracterization. The Board submits this information to the Court because the representations in Plaintiff's Motion could potentially give the Court the misimpression that the FBI is actively investigating the Police Department's handling of the December 20, 2011 shooting. Based on the information currently available to the

4

Police Board, this does not appear to be true, and the Police Board would be remiss not to clarify.

However, the Police Board once again reiterates that it not objecting to the narrow relief sought by Plaintiff's Motion.

WHEREFORE, the Police Board respectfully requests that this Court order any relief the Court deems just and reasonable.

                              Respectfully submitted,

                              JULIAN BUSH
                              CITY COUNSELOR

                    By: /s/ Erin K. McGowan
                        Erin K. McGowan #64020MO
                        Associate City Counselor
                        Andrew D. Wheaton   #65269 MO
                        Associate City Counselor
                        City Hall, Room 314
                        St. Louis, MO  63103
                        314.622.3361
                        FAX: 314.622.4956
                        McGowanE@stlouis-mo.gov
                        Wheatona@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2018 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

                              /s/ Erin K. McGowan