# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

A.B.S., as surviving daughter of deceased )
ANTHONY L. SMITH, and a minor, by )
and through her next friend CHRISTINA )
WILSON, )
                             )
         Plaintiff, )            Case No.: 4:12-cv-00202-JCH
                             )
v. )
                             )
BOARD OF POLICE COMMISSIONERS, )
Et al., )
                             )
         Defendants. )

**PLAINTIFF A.B.S.'S SUR-REPLY TO POLICE BOARD'S MOTION FOR SANCTIONS**

COMES NOW Plaintiff, by and through her undersigned counsel, and for her Sur-Reply to Police Board's Motion for Sanctions (Doc. 176) ("Board's Motion"), states to the Court as follows:

**ARGUMENT**

**I.  OMISSIONS**

The Board's Reply in Support of Motion for Sanctions ("Reply")(Doc. 184) is most interesting for what it does not contain than for what it does.  These omissions are glaring in five (5) ways.

**1.  The Board Has Abandoned Its Allegations of Professional Misconduct.**

The most salacious allegation in the Board's Motion was the naked allegation that Albert Watkins violated Missouri Supreme Court Rule 4-1.6(c) and, by virtue of incorporation into the Local Rules, the rules of this Court.  Mr. Watkins denied any such misconduct in Plaintiff's Response (Doc. 182) and Plaintiff's counsel has not been made aware of any complaint made by

the Board or anyone else relative to this issue. The Board did not respond to Plaintiff's counsel's

denial or reference to Supreme Court Rule 4-8.3(a) requiring the Board's counsel to, if he truly

believes the nonsense he told this Court, to file a bar complaint.

## 2. The Board Makes No Response to Non-Involvement of Plaintiff in Alleged Misconduct.

The Board has sought sanctions against Plaintiff rather than solely Plaintiff's counsel for

alleged misconduct. While Plaintiff's counsel adamantly denies any wrongdoing, what has gone

unrebutted is neither Plaintiff herself (a minor child) nor her mother and Next Friend, Christina

Wilson, played no role in any alleged misconduct. Nonetheless, Defendant continues to seek

sanctions against the Plaintiff herself. While legally permissible, this is excessive and in poor

taste, particularly coming from the Board. The Plaintiff and her Next Friend are the only

indisputably innocent bystanders in this entire litigation and the Board continues to see fit to

attack them rather than confining the Board's Motion to a dispute with Plaintiff's counsel's

litigation tactics.

## 3. The Board Seeks to Sidestep the Substantive Issue of Its Claim of Privilege.

The Board's Motion and now Reply in support thereof are very shifty. The Board has

repeatedly stated they claimed a privilege against disclosure of the Meeting Minutes to Plaintiff.

They wish the Plaintiff had presented the Meeting Minutes to this Court for evaluation of the

privilege. Yet, incredibly, even after receiving the Plaintiff's invitation to put its cards on the

table and talk about the claim it has made, the Board seeks a shortcut. As stated in Plaintiff's

Response, the Board can seek a protective order from the court, seek the Court's evaluation of

the claim of privilege or seek to exclude the Meeting Minutes from evidence when they are

introduced. However, the Board would rather make the unsupported assertion the Meeting

Minutes are privileged and the Court should, without deciding of that fact, impose the ultimate

sanction on Plaintiff and dismiss her pending Motion for Show Cause Hearing and Motion for Sanctions.

That is pretty sly.

Because the Board has remained silent on its own claims of privilege, the most important issue presented, Plaintiff will do the Board's work for it. Plaintiff requests the Court enter an Order requiring (1) the parties to submit the Meeting Minutes to the Court under seal; (2) the Board to present written argument in support of its claims of privilege and against disclosure pursuant to RSMo §610.021.1 and, if desired, relative to any protective order or evidentiary remedy it seeks (3) within seven days thereafter requiring the Plaintiff to respond to the Board's memorandum. In the alternative, the Plaintiff requests a telephonic hearing with the Court to resolve this discovery dispute.

**4. The Board Can Show No Prejudice or Harm of Any Kind.**

The Board has sought the ultimate remedy in this case, to wit, denial of the Plaintiff's Motion for Show Cause Hearing and Motion for Sanctions. This extraordinary remedy is done despite the complete failure of the Board to show any prejudice on account of Plaintiff's counsel's conduct. As noted above, the substantive privilege issue has gone without discussion by the Board.

Equally incredible is the abject failure of the Board, while seeking a harsh remedy, to make any argument to the Court suggesting the Board has been harmed by the alleged misconduct of Plaintiff's counsel. In her Response, the Plaintiff set forth the reality that the Board is in no worse legal position today than it was the day Plaintiff's counsel received the Meeting Minutes or when Mr. Watkins gave them to the Post-Dispatch. All evidentiary issues remain preserved, there is no jury pool to taint and the Court will have seen the Meeting Minutes

to rule upon the substantive issues pertaining to same regardless of Plaintiff's possession of same. In response, the Board made no response. The Board cannot get around the fact it has suffered no harm. Embarrassment is insufficient grounds to seek denial of such an important Motion.

### 5. The Board Seems to Concede Mr. Watkins Properly Obtained the Meeting Minutes in Discovery.

In the Board's Motion, the Board makes no allegation of misconduct in the Plaintiff's receipt of the Meeting Minutes from Jason Stockley. When the Plaintiff noted this to the Court, the Board did not dispute this fact. Instead, the Board alleged Mr. Watkins, during a brief telephone call with Mr. Wheaton on September 7th, denied the Meeting Minutes were produced in discovery and refused to advise Mr. Wheaton how Mr. Watkins obtained the Meeting Minutes. While Mr. Watkins has no recollection of denying receiving the Meeting Minutes in discovery, he doubts he would have done so because he clearly got them from Mr. Finney and, outside of the Board and AGO, there is no other plausible source from which Mr. Watkins could have obtained them. In any event, this is a non-issue from Plaintiff's perspective. Whether Mr. Watkins played coy on the telephone with a lawyer threatening him with a frivolous sanctions motion is probative of nothing except Mr. Watkins' aversion to being threatened. Under more civilized circumstances, Mr. Watkins likely would have been more forthcoming with Mr. Wheaton.

### II. DISPUTES

### 1. Mr. Watkins Did Not Know the Meeting Minutes Were Subject to an Existing Protective Order Prohibiting Him From Possessing or Disseminating the Meeting Minutes.

The Board claims Mr. Watkins is being disingenuous when he claims not to have known the Meeting Minutes were subject to an existing protective order or the terms thereof. In support

thereof, the Board references the voice message his office received from an Associate Circuit Attorney. The language quoted by the Board in its Reply is accurate and the disagreement, in this instance, is an understandable one. Plaintiff's counsel interpreted the voice message in the context of his experience with criminal cases and subsequent discussions with Mr. Stockley's counsel. Plaintiff's counsel interpreted the voice message to mean the circuit attorney "did not feel comfortable" providing the Meeting Minutes on account of a protective order. Indeed, those are the words the attorney used. Plaintiff's counsel's specific belief was there was a protective order that was in effect during the pendency of the case and, upon an acquittal of a criminal defendant, the criminal file becomes a closed record and not subject to disclosure by the Government pursuant to a Sunshine Request. It was not Plaintiff's counsel's belief that the prior protective order survived the criminal case on independent grounds or by its specific terms and Plaintiff's counsel was never advised of such.

It was for this reason, Plaintiff's counsel commenced efforts to negotiate the release of the Meeting Minutes with Mr. Stockley's counsel because, under Missouri law, it is a criminal defendant's right to waive any privilege to a criminal record that was closed on account of an acquittal. This understanding was confirmed by Mr. Stockley's counsel during negotiations. While we understand the Board's perspective from the outside looking in, Mr. Watkins is not being disingenuous. He simply misunderstood the lay of the land relative to existence, duration and terms of the Sealed Order. Mr. Watkins has stated as a matter of record he did not receive the Sealed Order prior to it being attached to the Board's Motion and the Board has not disputed that account. This filing, as with the prior Response, is made with full awareness and respect for Rule 11.

**2. FRCP 26(b)(5)(B) is a "Clawback" Rule, Pertains to Inadvertent Disclosures and Does Not Apply to the Facts Presented.**

The dispute here is a matter of law and one this Court is more than capable of addressing after reviewing the briefs of the Plaintiff and Board and whatever other materials it may deem appropriate. The nature of the dispute is a fundamental disagreement about the meaning and purpose of Fed. R. Civ. P. 26(b)(5)(B). Plaintiff relies on the legislative history, statutory scheme of related rules, as similarly revised, and text of the Rule to support its position that the rule exists to remedy inadvertent disclosures and ease the burdens of voluminous e-discovery in the modern litigation era and that it was not intended to be used as the Board has argued it be used here. The Board relies solely on the text of the rule and claims the Plaintiff has relied "on selective excerpts" and then making the conclusory statement the Rule applies as they would like.

The Court is eminently qualified to determine who is correct on this issue. Plaintiff's counsel did not violate Rule 26 as he understands the rule. Nonetheless, if the Court disagrees, Plaintiff's counsel's legal contention relative to this rule is well within the bounds of what constitutes "warranted by existing law" in light of the legislative history and existing case law discussing this Rule.

**3. The September 25, 2018 E-mail is a Non-Issue.**

In the waning paragraphs of its Reply, the Board references a September 25, 2018 email from Mr. Watkins to all counsel of record, which references the Meeting Minutes. Mr. Watkins admits sending the e-mail and has no objection to the Board submitting a copy of same under seal for the Court's review. The email was issued relative to the recent ADR Referral and Designation of Neutral in this matter and, accordingly, in furtherance of settlement discussions of a disputed claim and, as such, is not subject to admission into evidence, but can certainly be viewed by this Court for consideration of the Board's Motion. If and when the Court reviews the

email, it will note all recipients of the email have been in possession of the Meeting Minutes for a very long time at this point and are very much aware of Plaintiff's possession and knowledge of same. For the Board to insist on the Plaintiff pretending not to know about the Meeting Minutes or discuss them with parties who are similarly situated in this litigation is a parlor game unbecoming of this serious matter.

Since the filing of the Board's Motion, Plaintiff's counsel has continued to keep the contents of the Meeting Minutes in confidence and not disclose or discuss same with parties outside this litigation. The Board has been in possession of the Meeting Minutes since they were created on or about June 19, 2013. Defendant Stockley has been in possession of the Meeting Minutes since they were produced to him in his criminal case in 2016. The AGO has been in possession of the Meeting Minutes most likely since June 19, 2013, but, at a minimum since June 3, 2016 when the AGO emailed a copy of same to Dana Redwing, Esq. in connection with its internal investigation of this matter. The recipients of the email referencing the Meeting Minutes have each been in possession of a copy of same since at least August 2016.

## CONCLUSION

There is a fundamental disagreement between the obligations imposed upon Plaintiff by Rule 26(b)(5)(B). Plaintiff's position is buttressed by the legislative history, statutory scheme and case law developed subsequent to the enactment of the Rule. Plaintiff's counsel has not violated the Rule as he understands it. The Plaintiff and her Next Friend have played no role in any of the conduct complained of by the Board. The Board has suffered no legal harm by virtue of any of Plaintiff's counsel's conduct. The Board has not sought a determination of the foundational issue of whether the Meeting Minutes are even privileged. They are not.

WHEREFORE Plaintiff prays this Honorable Court deny the Board's Motion for

Sanctions and enter an award in favor of Plaintiff and against the Board of Police Commissioners

for Plaintiff's reasonable attorneys' fees incurred in responding to the motion and for such other

and further relief as the Court may deem just and proper under the circumstances.

KODNER WATKINS, LC


/s/ Albert S. Watkins

By: ALBERT S. WATKINS, LC #34553MO
MICHAEL D. SCHWADE, #60862MO
The Pierre Laclede Center
7733 Forsyth Blvd., Suite 600
Clayton, Missouri 63105
314-727-9111 (telephone)
314-727-9110 (facsimile)
albertswatkins@kwklaw.net
mschwade@kwklaw.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Signature above is certification that on this the 28th day of September, 2018 a true and correct copy of the foregoing document was filed electronically using the CM/ECF System which will cause a copy to be served upon all counsel of record.