**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, | ) ) ) ) ) | |
| Plaintiff, | ) | Case No.: 4:12-cv-00202-JCH |
| v. | ) ) ) | |
| BOARD OF POLICE COMMISSIONERS, Et al., | ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION OF PLAINTIFF A.B.S. AND RESPONDENTS FOR APPROVAL OF SETTLEMENT, ENTRY OF JUDGMENT AND SANCTIONS**

COME NOW Plaintiff A.B.S. and Respondent Board of Police Commissioners and Intervenor Missouri Attorney General and for their Joint Motion for Approval of Settlement, Entry of Judgment and Sanctions state to the Court as follows:

1. Plaintiff A.B.S. is the child of deceased Anthony Lamar Smith. Annie Smith, mother of deceased Anthony Lamar Smith, moved to intervene in the underlying litigation on January 30, 2013 (Doc. 29).

2. Annie Smith did not participate in pre-settlement discovery in the underlying case.

3. The Court referred the original case to mediation on April 15, 2013 (Doc. 45). Annie Smith played no role in the mediator selection process. The mediation was conducted on June 20, 2013. Neither Annie Smith nor her counsel appeared for nor did they participate in the dynamics and active negotiating during mediation on June 20, 2013. Annie Smith's counsel did

telephonically consent to Plaintiff's acceptance of the sum of $900,000 to settle the wrongful death lawsuit in 2013.

4. The Court approved the wrongful death settlement and entered its Judgment in the underlying lawsuit on December 11, 2013 (Doc. 84).

5. Subsequent to settlement of the wrongful death case, Jason Stockley was charged with the murder of Anthony Lamar Smith in St. Louis County Circuit Court. During the course of those criminal proceedings, Plaintiff learned that certain DNA evidence had not been produced to Plaintiff prior to settlement of the civil proceeding.

6. Jason Stockley was acquitted of murder on September 15, 2017.

7. Plaintiff A.B.S. filed her Motion to Re-Open Discovery, Motion for Show Cause Hearing and Motion for Sanctions on December 18, 2017 (Doc. 104) ("Motion").

8. At the time of Motion's filing, Annie Smith's counsel of record was James Schottel, Jr. Plaintiff's counsel received no contact from Mr. Schottel subsequent to the settlement of the wrongful death case, although Plaintiff's counsel represents that other attorneys subsequently contacted him claiming to represent Annie Smith.

9. On March 27, 2018, the Court and parties participated in a teleconference wherein the Court re-opened discovery in this matter for the limited purpose of the pending Motion (Doc. 138). Counsel for Annie Smith did not participate in same.

10. A joint scheduling plan was submitted on April 3, 2018 (Doc. 139) and entered on April 9, 2018 (Doc. 140). Counsel for Annie Smith did not participate in same.

11. On May 8, 2018, Jermaine Wooten, Esq. entered his appearance on behalf of Annie Smith (Doc. 142).

12. Mr. Wooten did not contact any of the parties prior to entering his appearance in this matter.

13. Shortly after receiving Mr. Wooten's Entry of Appearance, Michael Schwade, Esq., counsel for Plaintiff, made a telephone call to Mr. Wooten's office and left a message to be returned to discuss this case.

14. Mr. Wooten did not return Mr. Schwade's telephone call.

15. Annie Smith was not and is not a party to the underlying Motion to Re-Open Discovery, Motion for Show Cause Hearing and Motion for Sanctions (Doc. 104).

16. Plaintiff's counsel has never represented Annie Smith and did not file Motion on her behalf.

17. Mr. Wooten has not filed any motion herein on behalf of Annie Smith.

18. Between April 9, 2018 and October 3, 2018, the movants herein vigorously litigated the Motion, including the production of several thousand documents and the conducting of four (4) depositions.

19. Upon information and belief, Mr. Wooten, by virtue of the Court's ECF filing system, received all filings in this matter subsequent to May 8, 2018.

20. Mr. Wooten did not participate in the discovery process in this matter.

21. None of the movants herein received any contact from Mr. Wooten or anyone else on behalf of Annie Smith during the discovery phase of this litigation.

22. On September 18, 2018, the Court entered its ADR Referral Order, referring this matter to mediation (Doc. 180).

23. The Court's ADR Referral Order contained the following pertinent deadlines:

      a. Lead counsel shall notify the Court of the neutral no later than September 25, 2018.

      b. Not later than ten (10) days prior to the mediation, "each party will provide the neutral with a memorandum presenting a summary of disputed facts and a narrative discussion of its position relative to both liability and damages."

      c. Not later than ten (10) days prior to the mediation, "each party will provide to the opposing party, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure. This list shall state the names of the individuals attending and their general job titles."

24. The ADR Referral incorporated therein the mediation procedures set forth in E.D.Mo. L.R. 6.01 – 6.05 and specifically referenced to the attendance requirements of E.D.Mo. L.R. 6.02(B) requiring all parties and counsel of record having authority to settle shall attend the mediation and participate in good faith.

25. On September 18, 2018, the Court entered its Order advising all parties of the importance of complying with the Court's deadlines relative to the ADR Referral Order (Doc. 181). Specifically, the Court stated, "**IT IS FURTHER ORDERED** that if compliance with a deadline set forth in the Order Referring Case to Alternative Dispute Resolution has not occurred, such noncompliance may result in the imposition of sanctions to the appropriate party or parties." (emphasis in original)

26. On September 25, 2018, the movants hereto filed the Designation of Neutral form indicating Judge Limbaugh would again serve as mediator and the mediation would take place on October 3, 2018 (Doc. 183). Again, Annie Smith and her attorney did not participate in this undertaking.

27. At no point prior to the mediation did counsel for Annie Smith provide the parties or the neutral with a list of those who would attend the mediation.

28. Neither Annie Smith nor her counsel were present during the mediation on October 3, 2018 nor did either file a motion to be excused therefrom, as required by the Court's Order.

29. Neither Annie Smith nor her counsel filed a mediation position statement with Judge Limbaugh, as required by the ADR Referral Order.

30. The movants hereto participated in mediation with Judge Limbaugh at USA&M on October 3, 2018.

31. As a result of the discussions held during mediation on October 3, 2018, the movants hereto agreed to adjourn mediation in the afternoon of October 3rd and resume the mediation in the morning on October 10, 2018.

32. Accordingly, Plaintiff filed a consent motion with the Court seeking an extension of the ADR Referral to permit the mediation to continue on October 10, 2018 (Doc. 189).

33. The ECF system was in good working order on October 3, 2018.  Within minutes of Plaintiff's counsel filing the Motion for Extension, counsel for dismissed party Dana Redwing contacted Michael Schwade to inquire about the adjourned mediation.

34. Movants hereto did not receive any such contact from Mr. Wooten.

35. The Court granted the extension on October 3, 2018 (Doc. 190).

36. Movants hereto again mediated this matter on October 10, 2018 and made substantial progress toward achieving a settlement.

37. Again, neither Annie Smith nor her counsel appeared at the mediation on October 10, 2018.

38. Plaintiff's counsel again filed a consent motion for extension of the ADR Referral in light of the progress toward settlement (Doc. 192). Neither Annie Smith nor her counsel participated in this aspect of matters.

39. The Court granted the extension by Order dated October 12, 2018 (Doc. 193).

40. On October 16, 2018, the movants herein reached an agreement in principle to settle all pending motions. Plaintiff's counsel passed this matter for settlement accordingly (Doc. 194).

41. Movants then began hashing out the details of a settlement agreement.

42. Presumably after receiving the ECF notification concerning settlement, Mr. Wooten contacted the City Counselor's Office on October 23, 2018 requesting a portion of the settlement be allocated to Annie Smith.

43. This was the first contact any of movants have had with Mr. Wooten regarding this matter since he filed his entry of appearance.

44. In response thereto, Mr. Schwade again placed a telephone call to Mr. Wooten's office requesting a return call.

45. Mr. Wooten has not returned that call.

46. To date, Plaintiff's counsel has received no contact from Mr. Wooten or any other attorney for Annie Smith during the pendency of the Motion.

47. Movants have agreed on the terms of a settlement. The proposed settlement agreement is attached hereto and incorporated as Exhibit 1.

48. Respondent and Intervenor, understandably, have conditioned settlement herein on the potential claims of Annie Smith being resolved.

49.     To the extent Annie Smith has a claim herein, **and none has been filed on her behalf**, any such claim should be extinguished as a sanction for her failure to participate herein.

50.     Consistent with the precedent of this District set in *Nick v. Morgan's Foods, Inc.* (No. 4:98-cv-786-RWS), Annie Smith and her counsel should be sanctioned for their failure to comply with this Court's ADR Referral Order and barred from any recovery herein.

WHEREFORE Plaintiff, Intervenor Attorney General's Office and the Respondent Board of Police Commissioners pray this Honorable Court approve the proposed settlement, enter an Order sanctioning Annie Smith to the full extent of any claim she may assert arising out of the alleged wrongful withholding of evidence in the underlying wrongful death action, enter Judgment herein consistent with the terms of the proposed settlement, ordering that, to the extent Annie Smith attempts to make a claim herein, any such claim is extinguished as a sanction for her failure to participate herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

KODNER WATKINS, LC

_____/s/ Albert S. Watkins_____
By: ALBERT S. WATKINS, LC #34553MO
    MICHAEL D. SCHWADE, #60862MO
    The Pierre Laclede Center
    7733 Forsyth Blvd., Suite 600
    Clayton, Missouri 63105
    314-727-9111 (telephone)
    314-727-9110 (facsimile)
    albertswatkins@kwklaw.net
    mschwade@kwklaw.net
    *Attorneys for Plaintiff*

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan_____
    Andrew D. Wheaton   #65269 MO
    Associate City Counselor

        Erin K. McGowan #64020MO
        Associate City Counselor
        City Hall, Room 314
        St. Louis, MO  63103
        314.622.3361
        FAX: 314.622.4956
        Wheatona@stlouis-mo.gov
        McGowanE@stlouis-mo.gov

JOSHUA D. HAWLEY
MISSOURI ATTORNEY GENERAL


/s/ D. John Sauer_____
D. John Sauer, MO 58721
First Assistant and State Solicitor
Joshua M. Divine, MO 69875
Deputy Solicitor
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
Tel: (314) 340-7861
Fax: (314) 340-7029
Email: John.Sauer@ago.mo.gov


## **CERTIFICATE OF SERVICE**

    Signature above is certification that on this the 6th day of December, 2018 a true and correct copy of the foregoing document was filed electronically using the CM/ECF System which will cause a copy to be served upon all counsel of record.