# EXHIBIT 1

## SETTLEMENT AGREEMENT

Whereas, Plaintiff A.B.S., as surviving daughter of Anthony Lamar Smith ("Smith"), filed a wrongful death action on February 7, 2012 in the United States District Court for the Eastern District of Missouri against Defendants Board of Police Commissioners ("Board") and Jason Stockley ("Stockley"), alleging that Stockley wrongfully caused Smith's death, as more fully set forth in *A.B.S., by and through Her Next Friend Christina Wilson, v. Board of Police Commissioners and Jason Stockley*, Case No. 4:12-cv-00202-JCH ("the Lawsuit"); and

Whereas the Board was a state agency on the date of Smith's death and attorneys within the Missouri Attorney General's Office ("AGO") provided representation for the Board and Stockley during the pendency of the Lawsuit; and

Whereas, A.B.S. reached a settlement of the wrongful death class' claims against Stockley and the Board in the amount of $900,000; and

Whereas, on December 18, 2017 A.B.S. filed a Motion to Re-Open Discovery, Motion for Show Cause Hearing, and Motion for Sanction (ECF Doc. #: 104) (referred to herein as "the Motion") in the Lawsuit, and the Motion is now pending against the Board and certain current and/or former attorneys of the AGO;

Whereas, on September 13, 2018, the Board filed a Motion for Sanctions (ECF Doc.#: 176) against Plaintiff A.B.S. and her counsel ("Board's Motion"); and

Whereas the City of St. Louis ("City") is a "successor-in-interest" to the Board as set forth in section 84.344, RSMo.; and

Whereas the Board is respondent to the Motion, the AGO is an intervenor in the motion proceedings, and Plaintiff A.B.S. and the Respondent and the Intervenor desire to resolve and settle the issues and claims asserted in the Motion and the Board's Motion; and

Wherefore, the parties agree as follows:

1. A.B.S., a minor, by and through next friend Christina Wilson, for the sole consideration of <u>five-hundred thousand dollars and zero cents ($500,000.00)</u> and reasonable costs of mediation as set forth in paragraph 4, paid to her and her counsel (check made payable to "KW Trust Account") within thirty (30) days of the Court's approval of the Settlement and entry of Judgment, does, for herself, her heirs, executors, administrators, successors, and assigns, hereby waive and release, and forever discharge the Board, its attorneys, the AGO and

its attorneys, the City, the State of Missouri and any of its subsidiaries, and their current or former agents, counsel, servants, and employees from any and all claims, demands, actions, or causes of action that she now has, or may hereafter have, against them, known or unknown, on account of injuries or damages caused by any alleged discovery omissions or errors committed in the Lawsuit, as more fully alleged in A.B.S.'s Motion, for which damages she has claimed the Board and its attorneys, to be legally liable, which liability is expressly denied. In addition, A.B.S. does for herself, her heirs, executors, administrators, successors, and assigns, hereby waive and release, and forever discharge, the Board, its attorneys, the City, the AGO and its attorneys, the State of Missouri and its subsidiaries, and any of their current or former agents, counsel, servants, and employees, from any and all future claims, demands, actions, or causes of action that may arise from the conduct alleged in the Complaint and the Motion and from any conduct occurring in the course of the Litigation, including but not limited to any conduct in any way related to discovery omissions during the pendency of the Lawsuit, noncompliance with court orders issued in the Lawsuit, discovery conducted by the Board, the City, or the Board's attorneys in connection with the defense of this Motion, or in any way related to the death of Smith.

2. The Board, the City and the AGO do for themselves, their administrators, successors and assigns waive and release any and all claims, causes of action, and/or demands against the A.B.S., and her counsel, Next Friend, successors and assigns for all future claims, demands, actions or causes of action in any way related to discovery omissions during the pendency of the Motion, specifically including the Board's Motion, noncompliance with court orders issued in the Lawsuit or the Motion, discovery conducted by the parties in connection with the Motion, or in any way related to the death of Smith.

3. The AGO and the Board agree that each will issue payments of $250,000 toward the settlement amount set forth in paragraph 1. The Board will pay $250,000 to release any claims regarding the conduct of the Board and its agents other than current and/or former AGO attorneys, and the AGO will arrange for payment from the State Legal Expense Fund ("LEF") of $250,000 to release any claims regarding the conduct of any current and/or former attorneys of the AGO engaged in representing the Board.

4. The AGO further agrees to arrange for payment from the LEF to A.B.S. to cover the reasonable costs of mediation incurred in 2018 in this matter.

5. The Board and the City expressly reserve the right to seek reimbursement for the Board's $250,000 expenditure from the State Legal Expense Fund ("LEF") pursuant to Mo. Rev. Stat. §§ 105.711 through 105.721 and RSMo. § 105.726,

*et seq.* The State of Missouri and the AGO do not concede that the Board and/or the City are entitled to any reimbursement from the LEF for the Board's expenditure in connection with this Settlement, and they expressly reserve the right to dispute any future claim that the Board may make for reimbursement from the LEF.

6. A.B.S. agrees to bear all costs and attorney's fees associated with filing and litigating the Motion unless said costs are otherwise provided for in this Settlement Agreement.

7. The City and Board expressly waive any and all privileges they may hold with regard to the complete and unredacted report of Hal Goldsmith, Esq. ("Goldsmith Report") concerning this matter and do not object to public release thereof and agree to provide Plaintiff's counsel with a copy thereof contemporaneously with the full execution of this Settlement Agreement.

8. The obligations, rights and responsibilities set forth in this Settlement Agreement are conditioned wholly upon the Court refraining from assessing punitive monetary sanctions against the AGO's current and/or former attorneys and the Board, the respondents to the Motion. In the event the Court assesses punitive monetary sanctions against the Board or the AGO's current and/or former attorneys, the parties agree that this Settlement Agreement shall be rendered null and void.

9. Concurrent herewith, the Board, A.B.S, the AGO, and the City file their joint Motion for Approval of Settlement, Entry of Judgment and for Sanctions. In said Motion, Plaintiff, Respondent, and Intervenor request that the Court issue an order rejecting any potential claims of other parties. In the event the Court does not grant said relief or does not approve the terms of this settlement, the parties agree that this Settlement Agreement shall be rendered null and void.

10. It is further expressly agreed that this settlement is in the nature of a contractual compromise between the parties hereto to end litigation and is not an admission of any legal liability whatsoever on the part of the Board, its attorneys, the AGO, or the City, or any of their agents, counsel, employees, or servants for injury or damages sustained by reason of said incident; and that this release expresses the entire agreement between the parties hereto; and that the sums above mentioned are the sole consideration of this Settlement Agreement.

11. The waiver and release terms contained in this Settlement Agreement shall not be construed to prevent the parties from enforcing the terms of this Settlement Agreement.

12. This Settlement Agreement may not be amended, modified, or supplemented except by a writing signed by the Board, A.B.S, the AGO, and the City.

Dated: December 3, 2018
City of St. Louis

In witness whereof, I have hereunto set my hand this 3rd day of December, 2018.

notarized on the 5th day of December, 2018. Christina Wilson appeared before me, Han Shao.

*Han Shao*

HAN SHAO
Notary Public - Notary Seal
State of Missouri, St Louis County
Commission Number 16254331
My Commission Expires Sep 6, 2020

**PLAINTIFF'S SIGNATURE:**

_____

Christina Wilson, as next friend for A.B.S

Address:
_____
_____
_____

**BOARD'S SIGNATURE:**

_____

Mark Lawson
Secretary, Board of Police Commissioners

Address:
_____
_____
_____

**AGO'S SIGNATURE:**

_____

D. John Sauer
First Assistant and Solicitor
Missouri Attorney General's Office

Address:
815 Olive Street, Ste. 200
St. Louis, MO 63101

**CITY'S SIGNATURE:**

_____

Julian Bush
City Counselor
City of St. Louis

Address:
1200 Market St., Room 314
St. Louis, MO 63103

STATE OF MISSOURI   )
                    ) SS
CITY OF ST. LOUIS   )

ON THIS 3rd DAY OF December, 2018, BEFORE ME PERSONALLY APPEARED _____ TO ME KNOWN TO BE THE PERSON DESCRIBED HEREIN, AND WHO EXECUTED THE FOREGOING INSTRUMENT AND ACKNOWLEDGED THAT HE VOLUNTARILY EXECUTED THE SAME.

_____Pamela G Martin_____
NOTARY PUBLIC

MY COMMISSION EXPIRES



PAMELA G MARTIN
My Commission Expires
October 18, 2021
St. Louis County
Commission #13883816

12. This Settlement Agreement may not be amended, modified, or supplemented except by a writing signed by the Board, A.B.S, the AGO, and the City.

Dated: December 3, 2018
City of St. Louis

    In witness whereof, I have hereunto set my hand this _____ day of December, 2018.

**PLAINTIFF'S SIGNATURE:**

_____

Christina Wilson, as next friend for A.B.S

Address:

_____
_____
_____

**BOARD'S SIGNATURE:**

*Mark Lawson* (signature)

Mark Lawson
Secretary, Board of Police Commissioners

Address:
1915 Olive St.
St. Louis, MO 63103

**AGO'S SIGNATURE:**

_____

D. John Sauer
First Assistant and Solicitor
Missouri Attorney General's Office

Address:

_____
_____
_____

**CITY'S SIGNATURE:**

_____
Julian Bush
City Counselor
City of St. Louis

Address:
1200 Market St., Room 314
St. Louis, MO 63103