UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.B.S., as a surviving daughter of deceased ANTHONY L. SMITH, and a minor, by And through her next friend CHRISTINA WILSON, <br><br>       Plaintiff, <br>v. <br><br>MAYOR FRANCIS SLAY, THOMAS IRWIN, BETTYE BATTLE-TURNER RICHARD GRAY, THE ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS, And JASON STOCKLEY <br><br>       Defendant. | Case No.:  4:12-CV-00202 JCH |

### INTERVENOR-PLAINTIFF ANNIE SMITH'S RESPONSE TO THE JOINT MOTION OF PLAINTIFF A.B.S. AND DEFENDANT'S MOTION FOR APPROVAL OF SETTLEMENT, ENTRY OF JUDGMENT AND SANCTIONS

NOW COMES Plaintiff Annie Smith, by and through her attorneys, Kingdom Litigators, Inc., and The Legal Solution Group, LLC and responding to the Plaintiff A.B.S. (hereinafter A.B.S.) and Defendants' Joint Motion for Approval of Settlement, Entry of Judgment and Sanction (hereinafter, "Motion for Sanctions"). In support Mrs. Smith states as follows:

### FACTS

1. On January 30, 2013, Plaintiff Annie Williams (Mrs. Smith) intervened in the above referenced matter pursuant to Fed. R. Civ. Pr. 24, as the biological mother of Anthony Smith. (ECF Doc. # 29).

2. Mrs. Smith advised the court in her motion to intervene that, although Mrs. Smith and A.B.S. have a common interest in the liability of the Defendants named in Plaintiff A.B.S.'s Complaint, Annie Smith and A.B.S. have competing interests with regard to any damages and

1

apportionment thereof. (ECF. Doc. # 24 p. 2). The Court granted Mrs. Smith's motion to intervene. (ECF. Doc. #32).

3. Mrs. Smith also challenged the paternity of A.B.S. and discovered that A.B.S. was the true biological child to her son. (ECF Doc. #37). Although Mrs. Williams was deposed in the previous matter, A.B.S. was the original party with primary duties to prosecute the case to verdict or settlement.

4. The case was reopened due to discovery violations and on May 8, 2018. Mrs. Smith appeared through counsel again to protect her interest and the apportionment of damages pursuant to Missouri Revised Statute §537.090 §537.095. (ECF Doc. #24).[1]

5. In the re-opened case, Plaintiff A.B.S. advised the court that the "parties" have been involved with mediation and litigation in various requests for extensions and motion practice (e.g. ECF Doc.# 189).

6. On December 6, 2018, for the first time, Plaintiff A.B.S. has separated as a party from Intervenor Annie Smith because a settlement was reached. Plaintiff A.B.S. desires the entire settlement and proceeds. (ECF Doc. #199). Mrs. Smith, on the other hand, believes she is entitled to her portion of the settlement as the mother of Anthony Smith.

7. Notwithstanding the curious contention between counsel for A.B.S. and Mrs. Smith (personally), Missouri law and the federal rules demonstrate Mrs. Smith and her past or present counsel abided by the law. It is against this backdrop that Mrs. Smith responds to A.B.S.'s Motion for Sanctions, <u>but makes clear she does not object to the settlement</u>.

---

[1] A.B.S. states that Mrs. Smith was not a "party" to the Motion to Reopen which is correct, A.B.S. has always had the rebuttable presumption she adequately represented Mrs. Smith's interests on liability and settlement but not apportionment. Under Fed. R. Civ. Pr. 24 Mrs. Smith was an intervenor particularly on apportionment issues when she lost the paternity challenge.

## SUMMARY OF ARGUMENT

Allowing an attorney to humiliate a mother, who lost her son and watched the responsible man freed, by calling her a "*non-paying bus fare rider*" is unbecoming of anyone in any profession and sets a dangerous precedent.[2] Legally, Mrs. Smith is an intervenor, not a permissive or required joinder-party; and as an intervenor, Mrs. Smith was not "required" to participate as an indispensable party. Instead, Mrs. Smith allowed A.B.S. to adequately represent Mrs. Smith's interest to settle this matter simply waiving her objection to the settlement amount. As an intervenor, Mrs. Smith has a right to a portion of the proceeds under Missouri law, and simply preserved her opportunity to protect that interest until the apportionment hearing, just as she legally did in the previous matter.

It is true, Mrs. Smith sought to take primary litigating duties by challenging the paternity of A.B.S., but A.B.S. was a legitimate heir, and as the original party A.B.S., the law presumes Mrs. Smith interests are adequately represented. *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir. 1998). The purpose of Rule 24 is to ensure that a party's rights are not adversely affected without an opportunity for the intervenor party to defend or protect that interest. *Chalmers v. United States,* 43 F.R.D. 286, 289 (D. Kan. 1967). Mrs. Smith has two interests, the first is holding the Defendants' responsible for her son's death, and second, the apportionment of damages to Class 1 plaintiffs.

Both A.B.S. and Mrs. Smith have identical interests and legally considered one and the same party until those interests are adverse (at the apportionment period). *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir. 1998). An intervenor is

---

[2] "Plaintiff A.B.S. ECF Doc. # 203 p.5 "In a dizzying display of disrespectful gall, Mrs. Smith's pleading history in this case is limited to her ex post facto endeavors to hop on the proverbial settlement bus as a non-fare paying rider well after the station has faded from the rear-view mirror." Mrs. Smith spent this past week grieving the anniversary death of her son, who died December 20, 2011, Mrs. Smith will never stop "paying fare."

only permitted to litigate to the extent her property rights are not adequately protected and for Mrs. Smith, that is the apportionment hearing.

Accordingly, the Motion for Sanctions should be denied, the settlement approved, and Mrs. Smith requests that the Court issue a caution to the parties to temper name-calling in public documents.

## LAW

Although not cited by A.B.S., Rule 16 addresses a judge's authority to issue sanctions for failure to comply with the court's pretrial orders.

> (f) Sanctions. In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16.

Circumstances in this case do not warrant sanctions against Mrs. Smith as there have been no incurred costs, no delays, and no injury to any party. Most importantly, Mrs. Smith was an intervenor pursuant to Rule 24 and not obligated to assist A.B.S. Rule 24 provides in pertinent part that:

> "(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
> …
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest."
>
> Fed. R. Civ. P. 24

Under Rule 24(a)(2), a person is entitled to intervene as of right if: (1) he has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation. *Chiglo v. City of Preston,* 104 F.3d 185, 187 (8th Cir. 1997).

4

The purpose for which permission to intervene may be given is that the applicant may be put in a position to assert in that suit a right which it has in respect to something in dispute between the original parties.  *Chalmers v. United States*, 43 F.R.D. 286, 289 (D. Kan. 1967). Intervenors have limited rights, for example in intervention is not proper to litigate an issue or issues which do not exist or are not available in an action between the original parties. *United States v. Lehigh Valley Co-op. Farmers, Inc.*, 294 F. Supp. 140, 144 (E.D. Pa. 1968).

The courts in the following cases expressed the view that there is a presumption of adequate representation when the interests of the putative representative and the proposed intervenor are identical. 74 A.L.R. Fed. 327 (Originally published in 1985). Where the interests of the original party and of the intervenor are identical, adequacy of representation is presumed. *Hoblock v. Albany County Bd. of Elections*, 233 F.R.D. 95 (N.D. N.Y. 2005). When the party seeking intervention as a matter of right has the same ultimate objective as a party to the suit, a presumption arises that the interests of the party seeking intervention are adequately represented, and thus the party must demonstrate adversity of interest, collusion, or nonfeasance to be entitled to intervention. Fed. R. Civ. P. 24(a)(2). *Maryland Restorative Justice Initiative v. Hogan,* 316 F.R.D. 106 (D. Md. 2016). These cases are illustrative, but the case law is well established.

   I.    **Liability Interests Between A.B.S. and Mrs. Smith are Identical but, Since 2013 the Parties have had Adverse Interests in the Apportionment of Pecuniary Property.**

Parties who are able to assert an interest in the subject matter of the litigation still may not intervene if the existing parties adequately represent their interests. Fed. R. Civ. P. 24(a). *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir. 1998). This presumption will be overcome, however, where a party must balance the interest

(e.g. apportionment of damages) of parties not privy to the resolution. *Id.* Here, Mrs. Smith has two interests, liability and her statutory portion of damages.

First, as A.B.S. correctly noted, Mrs. Smith challenged A.B.S.'s paternity and, if Mrs. Smith were correct, Mrs. Smith would have been entitled to direct the strategy for proving liability. However, A.B.S. was, in fact, the biological daughter to Mrs. Smith's son, and A.B.S. was the original party with the presumption of adequate representation. A.B.S. retained primary litigating duties and decision-making power unless the presumption could be overturned. [3]

While Mrs. Smith was permitted to attend the mediation, recovering damages from the Defendants is an identical interest among Mrs. Smith and A.B.S. and again representation is presumed adequate by A.B.S.' presence alone. This presumption is overcome where a party must balance the interest (e.g. apportionment of damages) of parties not privy to the resolution. *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 572 (8th Cir. 1998). In this case, the apportionment hearing is where Mrs. Smith <u>must</u> protect her interest against A.B.S.' interest.

Secondly, since 2013, Mrs. Smith advised the court that her interest in the apportionment of <u>any</u> damages would not be adequately protected and her motion to intervene on this basis was granted.[4] The controlling rule is that representation is adequate if there is no collusion between the representative and an opposing party if the representative does not have or represent an interest adverse to the applicant, and if the representative does not fail in the fulfillment of his

---

[3] To be clear, had the Respondent's Motion for Sanctions against Mr. Watkins, counsel(s) for A.B.S., been granted Mrs. Smith would have used that as a basis for prosecuting this action because A.B.S.' alleged conduct placed Mrs. Smith property interest at risk. (see ECF Doc. # 176,186-187).

[4] This Court was correct to grant Mrs. Smith's motion to intervene because A.B.S. and the defendants agreed to exclude her from receiving any apportionment because she did not meet their definition of pleading duties. (ECF. Doc.# 199).

duty. *Peterson v. United States,* 41 F.R.D. 131, 133 (D. Minn. 1966). Thankfully, Mrs. Smith retained counsel after the case was reopened and Mrs. Smith's counsel monitored the progress. But for counsel, Mr. Wooten, receiving notices on Mrs. Smith's behalf, the Respondents and A.B.S. apparently worked together to preclude apportionment of damages in their joint motion for sanctions. In reality, Mrs. Smith never had to appear or intervene, and she would *still* be entitled to full apportionment under Missouri law through the statutes "notice" requirement. If there are multiple parties with standing to sue under RS. Mo. § 537.080, before a settlement may be approved by the Court, the plaintiff must "satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." RS. Mo.§ 537.095.1.

A.B.S. characterizes Mrs. Smith's position as a "money grabbing,"[5] but there is no amount of money that would bring Mrs. Smith's son back to life, this is a reality that precious few will truly understand. Mrs. Smith takes the position that A.B.S. does not understand Rule 24, and as such calling a grieving mother, "a money grabber" demonstrates a lack of familiarity with Rule 24. Indeed, Rule 24 is all about a party protecting his/her property rights.

A.B.S. relies on *Nick v. Morgan's Foods, Inc.* (No. 4:98-cv-786-RWS) to prevent Mrs. Smith from recovering any proceeds. (ECF Doc.# 199 ¶50). However, in *Nick,* it was the defendant who did not participate in good faith because he thought it was "a waste of time." (Morgan's Foods admitted that it made a calculated strategic decision not to comply with the "guideline" because Morgan's Foods felt compliance would "be a waste of time." *Nick v. Morgan's Foods, Inc.,* 99 F. Supp. 2d 1056, 1059 (E.D. Mo. 2000), aff'd, 270 F.3d 590 (8th Cir. 2001)). As a result of the defiance, settlement discussions were delayed and expenses incurred.

---

[5] "…as to motive, appears (even when strained eyes are employed) to be nothing short of a last minute, unwarranted and unjustifiable money grab, the effect of which is further undue delay in this matter." (ECF Doc. #203 p. 3).

7

*Id.* In this case, A.B.S. and Mrs. Smith are identical (one and the same) parties and, while Mrs. Smith could object to any settlement amount, she has the prerogative to allow A.B.S. to adequately represent that interest thereby waiving her ability to object to resolution. Moreover, no expenses or delays were incurred by any party to this litigation, and as such, Rule 16 Sanctions are not applicable here.

It is apparent that all parties understood A.B.S. and Mrs. Smith's interests were one and the same, otherwise the court would have been notified months ago that an indispensable party failed to cooperate. Local Rule 6.05(A) requires the mediator to immediately inform the judge of a party's failure to attend any ADR conference, to comply with the Referral Order, or to otherwise cooperate with the ADR process. See also, *Nick v. Morgan's Foods, Inc.,* 270 F.3d 590, 595 (8th Cir. 2001). All parties understood that Mrs. Smith interests were adequately protected.

This Court should deny any form of sanctions, as Mrs. Smith had a good faith basis as to why she believed she was not a separate "party" required to engage in all aspects of this litigation. To the extent any ambiguity remains, the court should analyze A.B.S. counsels' conduct to conclude that even he presumed that A.B.S. adequately represented Mrs. Smith's interests, until the apportionment.

### II. If Mrs. Smith Were a Separate Party "Required" to Participate, then Mr. Schwade. Violated Fed. R. Civ. Pr. 11, When He Advised This Court the "Parties" Participated in Mediation.

Mrs. Smith takes the amicable view that counsel for A.B.S. was not fully informed on Rule 24 which presumed A.B.S. and Mrs. Smith were identical parties in mediation.[6] However, if that is not the case:

Rule 11 provides in part:

> Every pleading, motion or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his [or her] individual name... The signature of an attorney ... constitutes a certificate by him [or her] that he [or she] has read the pleading, motion or other paper; that to the best of his [or her] knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction ... including a reasonable attorney's fee. See also, *Adduono v. World Hockey Ass'n,* 824 F.2d 617, 621 (8th Cir. 1987).

A.B.S. specifically advised the court that the "parties" participated in the mediation but now claims that Mrs. Smith (as a separate party) did not participate to support the position Mrs. Smith should not receive her apportionment of the settlement. (See. ECF Doc. #189 *cf* #199). To be clear, after paternity of A.B.S. was established in 2013, Mrs. Smith has always viewed her participation in this litigation as, one in the same party as, A.B.S., unless Mrs. Smith obtained evidence to overcome the presumption of adequate representation with respect to liability interest.[7] However, if A.B.S. has always taken the opposite view, then counsel for A.B.S. flat misrepresented to the court in earlier filings information he knew was false and misleading.

---

[6] Mrs. Smith's Counsel wanted to provide counsel for A.B.S. a 21 day Safe-Harbor, but counsel for A.B.S. waived the requirement before hearing the matter completely. (ECF. Doc #203 ¶20)

[7] Moreover, neither Mr. Wooten, or Mrs. Smith's previous attorneys intentionally violated a court ordered mediation. Legally, A.B.S. and Mrs. Smith were parties with aligned liability interest (until the apportionment

Here, counsel for A.B.S. claimed that the "parties" participated in mediation all the while knowing Mrs. Smith did not participate in mediation. Counsel for A.B.S. submitted his pleading claiming the parties consented but, if A.B.S. considered Mrs. Smith a separate party, A.B.S. again misled the Court. Instead of advising the court that all parties, except Mrs. Smith, consented, the pleading led the court to believe that all parties were present and working through mediation.

Counsel for A.B.S. kept from the Court that he would soon argue that Mrs. Smith should not receive any apportionment because she, in fact, was not present during the mediations. Again, to be clear Mrs. Smith was less concerned about the overall amount and simply wanted to protect her interest to recover whatever she was entitled to and that does not make her a depraved or heartless mother. In fact, Mrs. Smith raised her son as a single mother providing all the love and financial security her son required.

Notwithstanding this truth, Mrs. Smith chooses to believe that A.B.S. was not fully informed of Rule 24 which permits Mrs. Smith the latitude of deferring to A.B.S. as adequate party representation to settle a case. Otherwise, counsel for A.B.S., Mr. Schwade, intentionally violated Rule 11 to secure a settlement, knowing A.B.S. would seek to exclude Mrs. Smith at the apportionment period. If true, then a sanctions motion and hearing is in order, but that is not the path Mrs. Smith desires. Mrs. Smith wants to resolve this case and heal from the loss of her son with no more civil, criminal or media circuses to relive the tragedy of December 20, 2011.

---

period). As A.B.S. correctly noted, in the previous litigation Mrs. Smith's and counsel's role was minimal, as such, Mr. Wooten was advised that his involvement as counsel would be restricted to the same as previous counsels.

## CONCLUSION

WHEREFORE, Mrs. Smith respectfully requests that the Court approves the settlement, permit a hearing on apportionment, and to the extent that A.B.S. replies, grant leave for Mrs. Smith to file a sur-reply to any new arguments.[8]

---

[8] A.B.S.' motion cited one misapplied case and failed to include any legal support for jurisdiction, procedural rules, or Missouri apportionment law for any contentions she asserted. To ensure Mrs. Smith may adequately defend her position she requests leave to file a sur-reply.

**Dated: December 21, 2018**

Respectfully submitted,

| | |
|---|---|
| **LEGAL SOLUTION GROUP**<br>By:/s/ Jermaine Wooten<br>**Jermaine Wooten #59338**<br><br>St. Louis Office, MO<br>10250 Halls Ferry Road<br>St. Louis, MO  63136<br>314-736-5770<br>314-736-5772 (Fax)<br>jwooten@lsgstl.com | **KINGDOM LITIGATORS, INC.**<br><br>**Daniel A. Dailey IL Bar#: 6312616**<br> (*pro hac vice*)<br><br>*Main Office*<br>166 W. Washington Ste. 275<br>Chicago, IL 60602<br>Office: (312) 877-1611<br>Fax: (312) 277-3370<br>ddailey@kingdomlitigators.com<br><br>*Dallas Office:*<br>3131 McKinney Blvd. Ste. 600,<br>Dallas, TX 75204<br>www.kingdomlitigators.com |

### CERTIFICATE OF SERVICE

I hereby certify that, December 21, 2018, the above Motion for Extension to respond was served on parties of record using the court's ECF filing system.


/s/ Jermaine Wooten