## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 4:12-cv-00202-JCH |
| v. | ) ) | |
| BOARD OF POLICE COMMISSIONERS, et al., | ) ) ) | |
| Defendants. | ) | |

**REPLY OF RESPONDENT BOARD OF POLICE COMMISSIONERS IN SUPPORT OF JOINT MOTION OF PLAINTIFF A.B.S. AND RESPONDENTS FOR APPROVAL OF SETTLEMENT, ENTRY OF JUDGMENT AND SANCTIONS**

COME NOW Respondents Bettye Battle Turner, Richard Gray, Thomas Irwin, and Francis Slay (collectively referred to herein as the "St. Louis Board of Police Commissioners" or the "Board"), and in support of the Joint Motion of Plaintiff A.B.S. and Respondents for Approval of Settlement, Entry of Judgment and Sanctions ("Joint Motion"), state as follows:

### BACKGROUND

On December 6, 2018, Plaintiff A.B.S., Respondent Board and Intervenor Attorney General's Office ("AGO") filed their Joint Motion requesting that this Court approve a proposed settlement agreement ("Proposed Settlement") resolving all claims set forth in Plaintiff A.B.S.'s Motion to Re-Open Discovery, Motion for Show Cause Hearing and Motion for Sanctions on December 18, 2017 (Doc. 104) ("Motion for Discovery Sanctions"). The Proposed Settlement settles and resolves Plaintiff's claim that the Board and AGO withheld evidence responsive to discovery requests propounded by A.B.S. in the underlying wrongful death action.

1

The Joint Motion further requests that this Court enter an Order sanctioning Intervenor-Plaintiff Annie Smith ("Smith"), the mother of Decedent Anthony Lamar Smith, for her failure to participate in court-ordered mediation, by issuing a ruling stating that to the extent Smith has a claim relating to the allegations asserted in A.B.S.'s Motion for Discovery Sanctions, any such claim is extinguished as a sanction for her failure to participate in court-ordered mediation.

In response to the Joint Motion, on December 21, 2018, Smith filed her Response to the Joint Motion of Plaintiff A.B.S. and Defendant's Motion for Approval of Settlement, Entry of Judgment and Sanctions (Doc. 207) ("Response"). In her Response Smith claims, incorrectly, that the Missouri wrongful death statute § 537.080 entitles her to a portion of the Proposed Settlement. Doc. 207, pp. 2, 7. For the following reasons, this Court should issue an order approving the Proposed Settlement and finding that Smith is not entitled to any portion of the Proposed Settlement.

## ARGUMENT

In her Response, Smith misconstrues the nature of A.B.S.'s Motion for Discovery Sanctions and the resulting Proposed Settlement by characterizing it as an enhancement to the monetary settlement reached in 2013 in the underlying litigation. Contrary to Smith's assertion, however, the Proposed Settlement between the Board, A.B.S. and the AGO does not settle or resolve a claim or cause of action stemming from the death of her Decedent Anthony Lamar Smith. Rather, the Proposed Settlement merely resolves and settles A.B.S.'s claim that certain documents were withheld from her during discovery in 2013. In her Motion for Discovery Sanctions, A.B.S. asked this Court to impose discovery sanctions pursuant to FRCP 26(g), FRCP 37, and its historic inherent authority. Doc. 104, p. 14. In her briefing, A.B.S. explicitly acknowledged that her Motion for Discovery Sanctions was not to be construed as an attempt to

2

set aside the monetary settlement reached in the underlying litigation: "The Motion is indeed not one challenging the finality of the underlying litigation. The Motion is directed to rectifying abuses of the discovery process." Doc. 125, p. 5. Hence, the Proposed Settlement resulting from ABS's Motion for Discovery Sanctions in no way represents an enhancement of the settlement reached in 2013 in the underlying lawsuit. The settlement merely resolves claims asserted in A.B.S.'s motion seeking redress for alleged discovery violations.

Moreover, to be clear, Smith was not and is not a movant with regard to A.B.S's Motion for Discovery Sanctions. Smith did not propound the discovery requests at issue in A.B.S.'s Motion for Discovery Sanctions, and in fact, Smith did not participate in discovery in any capacity in the underlying litigation. Smith never propounded discovery requests upon the Board in the underlying litigation and therefore has no basis for seeking discovery sanctions against it.

Nevertheless, in her Response, Smith asserts that she is entitled to a portion of the Proposed Settlement pursuant to Missouri's wrongful death statute, § 537.080. Doc. 207, p. 7. Smith's reliance on § 537.080 illustrates her misunderstanding of procedural posture and basis for A.B.S.'s Motion for Discovery Sanctions and the nature of the resulting Proposed Settlement. The Proposed Settlement does not resolve or settle A.B.S.'s underlying action for wrongful death; both Plaintiff and Board agree that claim was fully and finally resolved in 2013. Rather, the Proposed Settlement merely resolves A.B.S.'s claim that she is entitled to discovery sanctions pursuant to FRCP 26(g), FRCP 37, and this Court's inherent authority. Doc. 104, p. 14. The Missouri wrongful death statute is wholly irrelevant to that analysis and does not entitle Smith to a portion of a settlement resolving an allegation by A.B.S. that the Board and AGO committed a discovery violation.

3

This Court should further rule that to the extent it finds that Smith has any claim related to the Board or AGO's handling of discovery in the underlying litigation, any such claim is extinguished as a sanction for Smith's failure to participate in court-ordered mediation relating to A.B.S.'s Motion for Discovery Sanctions. On September 18, 2018, the Court entered its ADR Referral Order referring this matter to mediation (Doc. 180). Mediation occurred on October 3, 2018 and October 10, 2018. The Board, the AGO, Christina Wilson, next friend for A.B.S., counsel for A.B.S. attended and participated in good faith. However, neither Smith nor her counsel attended either mediation date, nor did Smith submit a position paper in compliance with the Court's ADR Referral Order. Smith's failure to timely assert her instant claim and participate in Court-ordered mediation is vexatious and has prejudiced the Plaintiff and Respondents by causing undue delay and increasing litigation costs, and this Court should sanction Smith by issuing an order that to the extent Smith has any claim related to the Board or AGO's handling of discovery in the underlying litigation, any such claim is extinguished.

## CONCLUSION

This Court should find that Smith is not entitled to an apportionment of the Proposed Settlement because Smith was not a movant with regard to A.B.S.'s Motion for Discovery Sanctions, and in any event, Smith has no basis for recovering discovery sanctions pursuant to FRCP 26(g), FRCP 37, or this Court's inherent authority because she never propounded any discovery requests upon the Board.

This Court should further rule that to the extent that Smith has any claim related to the Board or AGO's handling of discovery in the underlying litigation, such claim is extinguished as a sanction for her failure to participate in the mediation process pursuant to this Court's order.

WHEREFORE Respondent St. Louis Board of Police Commissioners respectfully

requests that this Honorable Court approve the Proposed Settlement and enter an Order finding

that Intervenor-Plaintiff Annie Smith is not entitled to an apportionment of the monetary

settlement.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
    Erin K. McGowan #64020MO
    Associate City Counselor
    City Hall, Room 314
    St. Louis, MO  63103
    314.622.3361
    FAX: 314.622.4956
    McGowanE@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2018 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

/s/ Erin K. McGowan
