IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF POLICE COMMISSIONERS, Et al.,<br><br>    Defendants. | Case No.: 4:12-cv-00202-JCH |

### PLAINTIFF A.B.S. REPLY IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT, ENTRY OF JUDGMENT AND SANCTIONS

COME NOW Plaintiff A.B.S. and for her Reply in Support of the Joint Motion for Approval of Settlement, Entry of Judgment and Sanctions (Doc. 199) ("Joint Motion") states to the Court as follows:

### BACKGROUND

Plaintiff A.B.S., Respondent Board of Police Commissioners and Intervenor Missouri Attorney General filed Joint Motion on December 6, 2018. On December 21, 2018, Annie Smith filed her Response to the Joint Motion ("Response") (Doc. 207). There are three fundamental issues to be addressed as a result of the Response. Because the first is unique to the undersigned counsel for Plaintiff A.B.S., Plaintiff A.B.S. writes separately from the other movants.

### RULE 11

Annie Smith takes contrary positions in her Response on an important issue to the undersigned and to Plaintiff. In the same breath she "takes the amicable view that [Mr. Schwade] was not fully informed on Rule 24", her counsel writes "[Mr. Schwade] flat

misrepresented to the court in earlier filings information that he knew was false and misleading." Such allegations are not amicable in any sense of the word and, more importantly, they are false. Counsel is well aware of Rule 11 and has been completely forthright in all filings with this Court and will continue to do so.  The issue at hand, as more fully set forth below, relates to the identity of "the parties".   There is a clear disagreement between movants and Ms. Smith on this point.  Disagreement on a point of fact or law does not give counsel license to make unfounded accusations of Rule 11 violation.  Plaintiff and her counsel demand retraction of such claims. This is particularly appropriate given Ms. Smith and/or her counsel do not appear to believe their own allegations.

In support of this observation, A.B.S. first notes Ms. Smith's statement she does not desire to conduct a hearing on her allegations.  One must query why a person makes scurrilous allegations about the personal integrity of another attorney and then cavalierly walks away from same without requesting the Court hear argument.  But for the delay it would cause, Plaintiff would welcome such a hearing.

Second, Ms. Smith's counsel appears to limit the target of his poison pen to Mr. Schwade when the same representation to the Court was made by mediator and retired federal judge of this district, the Hon. Stephen N. Limbaugh, Sr.  Mr. Limbaugh correctly and accurately advised this Court on October 30, 2018, "the issues were mediated on October 3, 2018 and again on October 10, 2018. Following the formal October 10th mediation, the **parties** and the mediator **continued** the process by phone and email" (emphasis added).  *See* Mediator's Interim Report (Doc. 197). Judge Limbaugh represented to this Court that the parties and he continued the mediation process via phone and email after the in-person sessions. *Id.*  None of the in-person sessions, phone calls or emails with the mediator included Ms. Smith or her counsel and yet, Judge Limbaugh is

(properly) not accused of making misrepresentations to this Court. In fact, the Joint Motion was filed with the input of Judge Limbaugh and the *Nick* case cited by the movants in support thereof was provided to them by Judge Limbaugh. While movants would like to claim the credit for finding such an instructive case to guide the Court's consideration, the fact is it was supplied by his Honor in an effort to get this matter concluded.

As set forth in the Joint Motion, the first time Annie Smith's counsel participated in this matter was when he placed a telephone call to the City Counselor's Office on October 23, 2018 making demand for a portion of the settlement funds. It is presumably the October 16, 2018 filing that prompted Ms. Smith's counsel to contact the City Counselor. On October 23rd, Ms. Smith did not even know the sum of which she was seeking a portion. Mr. Schwade's filing on October 16, 2018 passed the matter for settlement while the parties and mediator discussed one issue. The remaining issue to be addressed was the scope of the otherwise privileged and/or confidential documents and information that would be made public at the time of settlement. The delay in executing settlement documents prior to October 23, 2018 had nothing to do with Ms. Smith and the October 16, 2018 filing had no relation to Ms. Smith.

Third, Rule 4-8.3(a) of the Missouri Rules of Professional Conduct provides: A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the appropriate professional authority. Counsel for Ms. Smith has accused the undersigned of knowingly violating the Rules of Professional Conduct by making false statements to the Court and, as such, he may be obligated to report the undersigned to the Office of the Chief Disciplinary Counsel ("OCDC"). As of this writing, the undersigned has received no correspondence from the OCDC relative to this matter. The undersigned denies any

ethics violation, denies misleading the Court and will respond to any forthcoming bar complaint accordingly.

## "THE PARTIES"

Ms. Smith's frivolous allegations of misconduct aside, there is one central issue for the Court to decide relative to the Motion to Approve; "is Annie Smith a party to the Motion"? It is Plaintiff A.B.S.' position that she is not a party and Fed. R. Civ. P. 24, discussed at length in Ms. Smith's Response, is inapplicable. To address this question, the Court must examine the record in this case. Of course, the Court may take judicial notice of the filings herein.

The underlying lawsuit, a federal §1983 action with a pendent state claim under the Missouri Wrongful Death Statute, was filed in 2012 and settled in 2013. This Court terminated the case on December 11, 2013. Despite the case being terminated, the parties, filers and movants in the underlying action continue to get notified of subsequent filings made in relation to the closed case. Filings in this matter resumed in April 2016 when the St. Louis Post-Dispatch moved to unseal certain documents. All parties and movants to the underlying action (including On Star) received notification of these filings despite not necessarily being parties to the motion. The Department of Justice entered an appearance to address issues relative to the Post-Dispatch's motion. The Court ruled on the Post's motion without re-opening the underlying litigation.

Officer Jason Stockley was charged with murder in the Circuit Court of St. Louis, Missouri in May 2016. Shortly thereafter, Plaintiff's counsel received contact from an attorney (not Jim Schottel, Esq.) claiming to represent Annie Smith and expressing a desire to work cooperatively on whatever action A.B.S. elected to take concerning withheld evidence. Jason Stockley was acquitted of murder on September 15, 2017. On or about October 27, 2017, Plaintiff's counsel received contact from yet another attorney (not Jim Schottel, Esq. or the

individual referenced above) claiming to represent Annie Smith.  That attorney apparently elected not to proceed any further with the representation.  The underlying litigation remained terminated throughout this period.

Plaintiff A.B.S. filed her Motion to Re-Open Discovery, Motion for Show Cause Hearing and Motion for Sanctions on December 18, 2017 (Doc. 104) ("Motion").  The Motion seeks sanctions on behalf of A.B.S. for alleged discovery violations during the underlying litigation.  As indicated by the title, Motion is an action seeking sanctions and/or contempt and expressly did not seek to re-open the underlying wrongful death action.  This fact was re-confirmed in subsequent filings (*See* Docs. 121, 125 and 131).  Among the ECF recipients of the Motion were On-Star, the Post-Dispatch and the Department of Justice.  None are parties to the Motion.

On March 27, 2018, the Court and counsel for A.B.S., Dana Redwing, Esq., Jason Stockley, the City of St. Louis and the Missouri AGO participated in a teleconference wherein the Court re-opened discovery in this matter for the limited purpose of the pending Motion (Doc. 138).  The Court expressly told the parties to that call (being all of the original parties to the Motion) that the Court was re-opening the case for the limited purpose of addressing the Motion and the Court entered a scheduling order expressly confining discovery to those issues on April 9, 2018 (Doc. 140).  That is, the issues to be litigated were not the wrongful death case but, rather, the issues raised in the Motion.

With regard to the Motion, there is no federal (or state) statutory status conferred on Ms. Smith as contemplated by Fed. R. Civ. P. 24(a)(1).  Similarly, the Motion does not impact Ms. Smith's right to protect any interest she may have, as contemplated under Fed. R. Civ. P. 24(a)(2), in pursuing a similar motion against Respondents or anyone else she deems appropriate.  Unlike the Missouri Wrongful Death Statute, which limits all claimants to a single

action, there may be several motions for sanctions. Indeed, Ms. Smith, as a non-participant in discovery during the underlying litigation (except as to apportionment), may have vastly different substantive claims, if any, against Respondents. Without being the attorney for Ms. Smith, Plaintiff states the damages sustained by Ms. Smith, if any, arising out of the discovery abuses are arguably *de minimis* given she incurred no attorneys' fees in discovery during the underlying litigation and incurred no attorneys' fees in prosecution of the Motion. In any event, Annie Smith is not a necessary party to Plaintiff's Motion under Fed. R. Civ. P. 24(a).

Similarly, under Fed. R. Civ. P. 24(b), Annie Smith would likely be denied permissive intervention in Plaintiff's Motion because she is not given a conditional right to intervene in a sanctions motion by federal (or state) statute and she does not have a claim or defense that shares a common question of law or fact with the Plaintiff. Ms. Smith's counsel's argument in this regard is supported by a false premise.

Plaintiff's Motion seeks redress for damages to Plaintiff. It does not seek redress for Annie Smith. Unlike in the wrongful death action, Plaintiff did not bring the Motion on behalf of a class of claimants. The document is clear on this point. As further proof of her position in this regard, Plaintiff has informed co-movants she does not agree to dividing the proposed settlement with Annie Smith because she settled for the sum proposed on behalf of herself only. Had she been negotiating on behalf of a class, as she was in the underlying litigation, Plaintiff would not have agreed to the sum set forth in the Joint Motion. Despite Annie Smith's disclosure that she does not object to the settlement sum, Plaintiff affirmatively states that there is no proposed settlement on behalf of Ms. Smith. That is, if the Court were to decide Ms. Smith is a claimant in this matter, there is no meeting of the minds on any settlement insomuch as the parties to the proposed Settlement Agreement were operating under a material mistake of fact as

to the scope of the claims litigated, the parties to the settlement agreement and the sums to be received by each party.

On May 8, 2018, Jermaine Wooten, Esq. entered his appearance on behalf of Annie Smith (Doc. 142).  The public record in this matter at that point in time was clear.  Mr. Wooten states he "monitored the progress" of the case and "receiv[ed] notices on Ms. Smith's behalf". *See* Response at p. 7. The sole issue before the Court was A.B.S. Motion and not a wrongful death case.  Ms. Smith did not seek and has not sought to join Plaintiff's Motion.  Ms. Smith did not file her own motion.  Until October 23, 2018, the parties were left to guess the reason for Mr. Wooten's entry in this matter.  It is possible his client wanted to file a claim similar to the Plaintiff's, but no such claim was filed.  Mr. Wooten did not respond to an attempt to contact him and took no affirmative action to contact any of the litigants.  It appeared to Plaintiff Mr. Wooten's representation of Ms. Smith was either confined to keeping her apprised of filings in this matter or, more likely, the representation ceased just as it had with the two prior attorneys who contacted Plaintiff's counsel on Ms. Smith's behalf in 2016 and 2017.

## **COURT ORDERS AND DAMAGE**

Finally, Ms. Smith and her counsel make no response to Plaintiff's recitation of the Court Orders to which they did not adhere except to say Rule 24, in combination with the Missouri Wrongful Death Statute, excuses them from participation until an apportionment hearing.  For the reasons set forth above, Plaintiff disagrees Rule 24 or the Missouri Wrongful Death Statute apply to the Motion.  That said, even if Rule 24 did confer party status upon Ms. Smith, it does not excuse her or her counsel from compliance with the Court's orders and Ms. Smith cites no authority in support of such an outcome.  In fact, Ms. Smith's counsel writes Ms. Smith was

merely "permitted to attend the mediation". It is Plaintiff's position the Court ordered the parties, among other things, to attend the mediation. It was not optional.

Ms. Smith claims "no expenses or delays were incurred by any party to this litigation" as a result of Ms. Smith's non-participation in this matter. That is untrue. The result of Ms. Smith's failure to appear, if the Court accepts Ms. Smith's contention that she is a party and always has been a party to the Motion, is the incurrence of mediation fees, attorneys' fees, delay in pursuit of litigation and, ultimately, a settlement premised upon material mistakes of fact occasioned by her non-participation and lack of responsiveness in this matter. The mediation fees alone are approximately $10,000. The time spent by the attorneys herein pursuing discovery, drafting papers and engaging in settlement negotiations rival that sum many times over. To accept Ms. Smith's assertion that she is a party would require the parties to resume litigation, allow Ms. Smith's counsel to file his motion for sanctions (or whatever other claim he sees fit), allow the respondents to Ms. Smith's motion (whomever they may be, inclusive of dismissed parties Dana Redwing, Esq. and Jason Stockley) to file a response, permit discovery as to Ms. Smith's claims and, perhaps, renew settlement discussions as to all parties. None of that would have been necessary had Ms. Smith filed a claim or otherwise participated in this matter prior to October 23, 2018.

WHEREFORE Plaintiff prays this Honorable Court approve the proposed settlement, enter an Order sanctioning Annie Smith to the full extent of any claim she may assert arising out of the alleged wrongful withholding of evidence in the underlying wrongful death action, enter Judgment herein consistent with the terms of the proposed settlement, ordering that, to the extent Annie Smith attempts to make a claim herein, any such claim is extinguished as a sanction for

her failure to participate herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

        KODNER WATKINS, LC


        _____/s/ Michael D. Schwade_____
       By: ALBERT S. WATKINS, LC #34553MO
            MICHAEL D. SCHWADE, #60862MO
            The Pierre Laclede Center
            7733 Forsyth Blvd., Suite 600
            Clayton, Missouri 63105
            314-727-9111 (telephone)
            314-727-9110 (facsimile)
            albertswatkins@kwklaw.net
            mschwade@kwklaw.net
            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      Signature above is certification that on this the 28th day of December, 2018 a true and correct copy of the foregoing document was filed electronically using the CM/ECF System which will cause a copy to be served upon all counsel of record.