UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by and through her next friend CHRISTINA WILSON,<br><br>　　Plaintiff,<br><br>v.<br><br>BOARD OF POLICE COMMISSIONERS, et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:12-cv-00202<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONSE OF INTERVENOR MISSOURI ATTORNEY GENERAL'S OFFICE TO INTERVENOR ANNIE SMITH'S MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)

Intervenor Annie Smith has filed a motion to reopen the final judgment entered in 2013 pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Doc. 234, 235. Unlike Plaintiff A.B.S., Smith has not filed a motion for discovery sanctions, but instead has requested only that this Court reopen the final judgment under Rule 60(b)(6). *See id.* For reasons that the Attorney General's Office has previously urged, *see* Doc. 115-1, at 2-3, the Court should deny this motion.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a plaintiff can obtain relief from a final judgment only by establishing, as relevant here,

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or]
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(1)–(3).

1

Smith argues that the defendants and/or certain attorneys who are no longer with the Attorney General's Office engaged in misconduct in the civil case by disobeying a discovery order and withholding information helpful to the plaintiff's case. *See* Doc. 235, at 2-5. Thus, Rule 60(b)(3) provides the potentially applicable ground in this case. But a court can grant relief under Rule 60(b)(3) only until "a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). That "one year time limit is jurisdictional and may not be extended in any event." *Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 985 (7th Cir. 1989) (citing *Ackermann v. United States*, 340 U.S. 193, 197, (1950)). Because this Court entered an order approving the settlement on September 16, 2013—over five years before Smith filed her motion to reopen the judgment—this Court lacks jurisdiction to grant relief under Rule 60(b)(3).

The "catchall" provision in Rule 60(b)(6), which Smith invokes, does not alter this conclusion. That provision allows courts to reopen a final judgment for "any *other* reason that justifies relief," and it is not subject to the one-year time limit. Fed. R. Civ. P. 60(b)(6), (c) (emphasis added). But a plaintiff may pursue relief under Rule 60(b)(6) only if the motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *accord Matter of Grand Jury Subpoena Directed to Dakota Cheese, Inc.*, 923 F.2d 576, 577 (8th Cir. 1991) ("Although Dakota Cheese characterizes its motion as one brought pursuant to Rule 60(b)(6) . . . we agree with the government that the motion was in effect one based upon newly discovered evidence—Rule 60(b)(2)."); WRIGHT & MILLER, 11 FED. PRAC. & PROC. CIV. § 2864 (3d ed. Supp. 2017) ("[R]elief cannot be had under clause (6) if it would have been available under the earlier clauses."). Because Plaintiff's motion is authorized only under Rule 60(b)(3), Rule 60(b)(6) does not authorize relief from the judgment here.

## CONCLUSION

For the reasons stated, Intervenor Missouri Attorney General's Office respectfully requests that this Court deny Intervenor Annie Smith's Motion Pursuant To Fed. R. Civ. P. 60(b)(6).

Dated: July 3, 2019                                        Respectfully submitted,

ERIC S. SCHMITT
MISSOURI ATTORNEY GENERAL

*/s/ D. John Sauer*
D. John Sauer, MO 58721
  Solicitor General
Zachary Bluestone
  Deputy Solicitor General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870 (Telephone)
(573) 751-0774 (Facsimile)
john.sauer@ago.mo.gov

*Counsel for Intervenor Missouri Attorney General's Office*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, the foregoing was served on counsel of record for Plaintiff by operation of the Court's electronic filing system.

*/s/ D. John Sauer*