UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.B.S., as surviving daughter of deceased ANTHONY L. SMITH, and a minor, by And through her next friend CHRISTINA WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF POLICE COMMISSIONERS, et al.,<br><br>Defendants. | Case No. 4:12CV202 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Annie Smith's Motion pursuant to Fed. R. Civ. P. 60(b)(6), filed May 17, 2019. (ECF No. 234). The motion is fully briefed and ready for disposition.

By way of background, this lawsuit was initiated in 2012, and involves claims brought pursuant to 42 U.S.C. § 1983 and the Missouri Wrongful Death Statute against former City of St. Louis Police Officer Jason Stockley ("Stockley"), and the St. Louis Board of Police Commissioners (the "Board"). Plaintiff A.B.S., the minor daughter of Anthony Lamar Smith ("Decedent"), alleged that Stockley used excessive force when he fatally wounded her father following a police pursuit on December 20, 2011. Following the shooting, a Taurus revolver recovered from the vehicle driven by Decedent was seized as evidence, and samples were taken

- 1 -

for DNA testing. Decedent's mother, Annie Smith ("Smith"), was granted permission to intervene in the underlying action in March, 2013.[1]

The parties mediated the underlying action in June, 2013, and settled all claims. A.B.S. and Smith each took a share of the settlement proceeds.

On December 18, 2017, A.B.S. filed a Motion to Re-Open Discovery, Motion for Show Cause Hearing, and Motion for Sanctions (the "motion"). A.B.S. asserted there were intentional abuses of the federal discovery process by Defendants and their counsel, with respect to the lab results on the DNA recovered from the revolver. A.B.S. did not ask that the underlying lawsuit and settlement be reopened; instead, she requested sanctions against Defendants and/or their counsel for their abuse of the discovery process.

The Court entered a scheduling order with respect to the motion on April 9, 2018, ordering referral to alternative dispute resolution ("ADR") from August 1, 2018, to September 14, 2018. The Court further ordered supplemental briefing on the motion between August 24, 2018, and September 24, 2018, and set the matter for a hearing on October 9, 2018.

On May 8, 2018, Smith's current counsel, Jermaine Wooten of the Legal Solution Group, LLC, entered his appearance for Smith.[2] On October 16, 2018, A.B.S.'s attorney filed a notice of settlement. On December 6, 2018, however, A.B.S. and Defendants (collectively "Movants") filed a Joint Motion for Approval of Settlement, Entry of Judgment and Sanctions. In their joint motion, Movants asserted Smith did not participate in pre-settlement discovery or mediation in the underlying case, nor was she a party to the Motion to Re-Open Discovery, Motion for Show Cause Hearing and Motion for Sanctions. Movants further maintained that although he received

---

[1] Immediately upon being granted permission to intervene, Smith asked that the Court order a paternity test on A.B.S. The Court granted Smith's request, and a paternity test was performed, the results of which showed A.B.S. to be the biological daughter of Decedent.
[2] Smith previously was represented by James W. Schottel, Jr., who has never withdrawn as her attorney. Smith also is represented by Daniel A. Dailey, of Kingdom Litigators, Inc.

all filings in this matter subsequent to his entry of appearance on May 8, 2018, Mr. Wooten did not participate in the discovery process or mediation regarding the motion. Only after Movants filed the notice of settlement on October 16, 2018, did Mr. Wooten contact the City Counselor's Office, requesting that a portion of the settlement be allocated to Smith. Movants requested that Smith's claim to the settlement proceeds, to the extent she had any, be extinguished as a sanction for her failure to participate in the discovery and ADR process. Movants further requested that Smith be barred from filing her own claim with respect to the alleged discovery violation.

During a hearing held on January 8, 2019, the Court ruled that Smith's intervention as of right ended when the underlying wrongful death litigation was settled and terminated. The Court thus held Smith was not automatically entitled to a portion of the settlement proceeds. On January 9, 2019, the Court refused to approve Movants' proposed settlement, as the Court declined to extinguish any potential claim Smith might have on her own behalf with respect to the alleged discovery violation. The Court ordered the parties to submit a status report by February 18, 2019, indicating their progress in determining the manner in which the case should move forward, either through settlement or otherwise.

As ordered, the parties submitted a Joint Status Report on February 18, 2019. At that time, the parties informed the Court they had been unsuccessful in their efforts to settle the matter, and thus requested that the case be placed back on the Court's regular docket. The parties further requested that Smith be granted twenty-one days to file her own claim regarding the discovery violation.

On February 27, 2019, the Court entered a revised scheduling order in this matter, granting Smith until March 15, 2019, within which to seek leave to intervene in this matter as a Plaintiff, and/or to file any motion she may have relative to any claim(s) she may assert against

any current or former party. The Court further set deadlines for discovery, ADR, and supplemental briefing.

On March 15, 2019, Mr. Wooten filed a notice of settlement, stating the parties had agreed in principle to settle the case, and were in the process of preparing and finalizing the settlement documents. On April 24, 2019, however, A.B.S. filed a Motion to Enforce Settlement, in which she claimed that despite agreeing to the express terms of the settlement, Smith refused to execute the Settlement Agreement. According to A.B.S., Smith was again questioning the paternity of A.B.S., and further was recalcitrant to sign the agreement because she disagreed with the distribution of settlement funds. A.B.S. asked that the Court approve the proposed settlement, the exact text of which Smith allegedly previously approved.

On May 17, 2019, Smith filed a Motion to Intervene, in which she requested leave to intervene in A.B.S.'s Motion for Sanctions. She further requested that she be permitted to represent her own interests, as she sought both monetary sanctions and the setting aside of the 2013 judgment. That same day, Smith filed the instant Motion pursuant to Fed. R. Civ. P. 60(b)(6), requesting that the Court set aside the 2013 order approving settlement. Finally, on May 18, 2019, Smith filed her response to A.B.S.'s Motion to Enforce Settlement, requesting that the Court decline to enforce the settlement as Smith never agreed to such.

## **DISCUSSION**

Rule 60(b) allows a district court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Motions under Rule 60(b) must be made within a reasonable time, "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed.R.Civ.P. 60(c)(1).

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotations and citation omitted). "This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotations and citations omitted). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Id.* (internal quotations and citations omitted). Thus, Rule 60(b)(6) "is properly invoked [only] when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981) (internal citations omitted).

Smith bases her Rule 60(b)(6) Motion to Set Aside the Order Approving Settlement on Defendants' failure to produce the DNA report on the Taurus revolver. In response, the Board asserts Smith's motion is barred because it actually arises under Rule 60(b)(3), and was brought more than one year after entry of the Court's Order Approving Settlement.

As noted above, clause (3) provides for relief from fraud, misrepresentation, or misconduct by an opposing party. "Ordinarily clause (3) is invoked where material information

has been withheld or incorrect or perjured evidence has been intentionally supplied." *Matter of Emergency Beacon Corp.*, 666 F.2d at 759 (citing 7 Moore's Federal Practice, P 60.24(5)).

Upon consideration, the Court agrees Smith's motion properly arises under Rule 60(b)(3). In essence, Smith contends Defendants failed to disclose the DNA report, that said failure was fraudulent because Defendants were under a discovery obligation to disclose the report, that the information in the report was material to the parties' negotiation of the original settlement, and that Smith reasonably relied upon the lack of evidence to her detriment. These allegations constitute a claim of fraud, and so Smith was required to bring her motion within one year of the Court's Order Approving Settlement. *See Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1292 (10th Cir. 2005) (citations omitted) ("It is true that a failure to disclose requested information during discovery may constitute misconduct under Rule 60(b)(3). [T]his usually requires the violation of a specific discovery request or order."). *See also Matter of Grand Jury Subpoena Directed to Dakota Cheese, Inc.*, 923 F.2d 576, 577 (8th Cir. 1991) (citation omitted) ("Although Dakota Cheese characterizes its motion as one brought pursuant to Rule 60(b)(6)—the catchall provision authorizing the granting of relief for "any other reason justifying relief" from a judgment—we agree with the government that the motion was in effect one based upon newly discovered evidence—Rule 60(b)(2)—and, as such, was untimely because not made within the one-year time limit fixed for the making of such motions.").

Even assuming Smith's motion arises under Rule 60(b)(6), the Court finds it properly is denied. "Rule 60(b)(6)…grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, *provided that the motion is made within a reasonable time*." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988) (internal quotations omitted) (emphasis added). "What qualifies as a reasonable time…will ordinarily

depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party." *Matter of Emergency Beacon Corp.*, 666 F.2d at 760 (citations omitted).

Here, Smith's current counsel has been aware of the alleged discovery violation since at least May 8, 2018.[3] Despite such knowledge, Mr. Wooten declined to participate in litigation or mediation with respect to the Motion to Reopen Discovery, Motion for Show Cause, and Motion for Sanctions, instead reaching out only when A.B.S. and Defendants notified the Court they had reached a settlement. Then, when the Court refused to approve the settlement, Mr. Wooten (and presumably Mr. Dailey) engaged in settlement negotiations on A.B.S.'s motion, going so far as to file a notice of settlement on Smith and the other parties' behalf. Only later, when Smith refused to sign the settlement documents, did her attorneys file the instant motion. Under these circumstances the Court finds this filing, taking place as it did over a year after Mr. Wooten entered his appearance on Smith's behalf, did not occur within a reasonable time as contemplated by Rule 60(b)(6). *See Adams v. Keller*, 2012 WL 2947579, at *3 n. 4 (M.D. Pa. Jul. 19, 2012).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Annie Smith's Motion pursuant to Fed. R. Civ. P. 60(b)(6) (ECF No. 234) is **DENIED**.

---

3 Mr. Schottel, who, as noted above, has never withdrawn as Smith's counsel, has been on notice of the violation since at least December 18, 2017, when A.B.S.'s original Motion to Reopen Discovery, Motion for Show Cause Hearing, and Motion for Sanctions was filed.

**IT IS FURTHER ORDERED** that Annie Smith's Motion to Intervene pursuant to Fed. R. Civ. P. 24 (ECF No. 232) is **DENIED**.[4]

Dated this 12th Day of August, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

4 Plaintiff A.B.S. has a pending Motion to Enforce Settlement. (ECF No. 228). In the event the Court denies A.B.S.'s motion, it will issue a new scheduling order granting Annie Smith additional time to file any motion she may have relative to any claim(s) she may assert against any current or former party hereto, or any agent of such party.